## No. C-997

### The People of the State of Colorado v. Michael Anthony Fink

(574 P.2d 81)

Decided January 30, 1978.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for petitioner.

Epstein, Lozow and Preblud, Gary Lozow, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the court of appeals' decision in *People v. Fink*, 37 Colo. App. 512, 552 P.2d 529 (1976). The court of appeals ordered a new trial. We reverse and remand to the court of appeals with directions.

The respondent, Michael Anthony Fink, was charged with second-degree murder[1] following an altercation in which he caused the death of Lawrence Claus.[2] Conflicting testimony created a question of fact as to whether the respondent acted in self-defense.

The trial court instructed the jury on the second-degree murder charge and the lesser included offenses of reckless manslaughter[3] and criminally negligent homicide.[4] The affirmative defense instruction on self-defense was also given on the crimes of second-degree murder and

---

[1]Section 18-3-103, C.R.S. 1973.
[2]A more complete statement of the facts will be found in the court of appeals' opinion cited above.
[3]Section 18-3-104(1)(a), C.R.S. 1973.
[4]Criminally negligent homicide, section 18-3-105, C.R.S. 1973, can be committed by (a) conduct amounting to criminal negligence, section 18-3-105(1)(a), C.R.S. 1973, or by (b) intentionally causing the death of a person in the good faith but unreasonable belief that a ground for justification exists, section 18-3-105(1)(b), C.R.S. 1973. References to the criminally negligent homicide statute will indicate which portion of the statute is implicated.

criminally negligent homicide (unreasonable belief of justification). But the trial court did not instruct the jury that self-defense was an affirmative defense to reckless manslaughter or criminally negligent homicide (act involving criminal negligence).

The jury returned a verdict of guilty on the crime of reckless manslaughter, and sentence was imposed on the respondent. Thereafter, because of our decision in *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975),[5] the trial court vacated the guilty verdict and sentence for reckless manslaughter, and entered a corrected judgment of guilty of the lesser included offense of criminally negligent homicide (act involving criminal negligence) and sentenced the respondent accordingly.

On appeal, the court of appeals reversed and ordered a new trial on the ground that the trial court erred by failing to instruct the jury that self-defense was an affirmative defense to reckless manslaughter and criminally negligent homicide (act involving criminal negligence). We disagree.

■ When an element of the crime charged is that the defendant acted in a reckless or criminally negligent manner, and the trial court properly instructs the jury as to each element, no error results from the court's failure to give a self-defense instruction. Under the criminally negligent homicide statute (act involving criminal negligence), the jury must determine that the respondent failed to perceive an unjustified risk that a reasonable person would have perceived in the situation. Criminally negligent homicide is totally inconsistent with the respondent's theory of self-defense. We find it is inherent in the affirmative defense of self-defense that the person not only reasonably believed that his actions were justified, but also that he acted in a reasonable manner. *See Henwood v. People*, 54 Colo. 188, 129 P. 1010 (1913).

■ The Notes on the Use of the Colorado Jury Instructions (Criminal) §9:7 (Manslaughter-Reckless) recognized that a self-defense instruction is unnecessary when an element of the crime charged is that the defendant acted in a reckless manner:

"The affirmative defense clause is deleted based upon the reasoning that if justification or exemption were present, the defendant would not be acting recklessly, therefore, if the jury is able to find that the defendant acted recklessly, they have already precluded any finding of affirmative defense."

---

[5] In *People v. Calvaresi, supra*, we held that the reckless manslaughter portion of the manslaughter statute, section 18-3-104(1)(a), C.R.S. 1973, was unconstitutional because the legislature failed to adequately distinguish between reckless and criminally negligent behavior so as to justify the classification of reckless manslaughter as a felony and criminally negligent homicide as a misdemeanor.

This principle is equally applicable to criminally negligent homicide (act involving criminal negligence). However, this does not mean that a defendant may not present evidence that he was acting in self-defense. Such evidence may be considered by the jury in its determination of whether the defendant was acting recklessly or in a criminally negligent manner. Under the circumstances here, the trial court was correct in refusing to give a self-defense instruction.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals for a determination of the issues which were not addressed by the court of appeals because of its remand for a new trial.