The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Joseph D. THOMAS, Defendant–Appellant.

No. 87CA1108.

Colorado Court of Appeals, Div. II.

Oct. 26, 1989.

Rehearing Denied Nov. 16, 1989.

Certiorari Granted March 19, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Joseph D. Thomas, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted heat of passion manslaughter, first degree assault committed in a heat of passion, and crime of violence. We affirm.

Defendant was charged with attempted first degree murder, first degree assault, and crime of violence as the result of an incident in which he struck his employer with a machete after his employer attempted to sexually assault him. The evidence at trial raised issues which required that the jury be instructed on the lesser included offenses of attempted second degree murder and attempted heat of passion manslaughter.

Defendant requested that the jury also be instructed on the affirmative defense of self defense as it applied to attempted first and second degree murder, attempted heat of passion manslaughter, and first degree assault. A self defense instruction was given, but the jury was instructed that it applied to the murder and assault charges only.

Defendant contends the trial court erred in refusing to instruct the jury that self defense was an affirmative defense to heat of passion manslaughter. We find no error.

■ Section 18-3-104(1)(c), C.R.S. (1986 Repl. Vol. 8B), defining manslaughter committed in the heat of passion, requires that one knowingly cause the death of another as the result of a "sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person killing sufficiently to excite an irresistible passion in a reasonable person...." An act committed in the sudden heat of passion is the equivalent to an act in which the actor has lost his self control and is being directed by passion rather than reason. *See Coston v. People*, 633 P.2d 470 (Colo.1981).

■ The trial court concluded, and we agree, that heat of passion manslaughter is inconsistent with the affirmative defense of self defense. One is justified in using physical force to defend himself from what he reasonably believes to be the use of unlawful physical force by another person. Section 18-1-704(1), C.R.S. (1986 Repl.Vol. 8B). However, in order for certain actions to constitute self defense, not only must the defendant reasonably believe his actions were justified, but he must also act in a reasonable manner. *People v. Fink*, 194 Colo. 516, 574 P.2d 81 (1978).

A finding that a defendant acted under a sudden heat of passion necessarily precludes a finding that his actions were reasonable, as heat of passion means a temporary loss of reason. Accordingly, the trial court did not err in rejecting the self defense instruction as it applied to heat of passion manslaughter.

■ We find no merit in defendant's argument that, given the similarity in the elements of the offenses, it was inconsistent for the court to apply the self defense instruction to the assault charge and refuse it as applied to the manslaughter instruction.

The jury was instructed that it must first determine whether defendant was guilty of first degree assault as defined in § 18-3-202(1), C.R.S. (1986 Repl.Vol. 8B) and, if so, whether the crime was excused

because he acted in self defense. Only if the jurors determined that defendant was guilty of first degree assault and that the theory of self defense was inapplicable or inappropriate under, the circumstances were they directed to consider whether the offense was mitigated because it was committed in a sudden heat of passion, thus, making it only a class five felony. *See* § 18–3–202(2)(a), C.R.S. (1986 Repl.Vol. 85). The jury found the defendant guilty of first degree assault committed in a heat of passion.

The instructions did not direct the jurors to then consider whether assault committed in the sudden heat of passion was excused under a self defense theory. Self defense was not mentioned in connection with the sudden heat of passion section of the assault instruction, and the jurors were precluded from even considering a heat of passion theory unless they first rejected defendant's self defense claim. Therefore, we find no inconsistencies in the instructions as given.

Judgment affirmed.

SMITH and HUME, JJ., concur.