**Joseph D. THOMAS, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 89SC668.**

Supreme Court of Colorado,
En Banc.

Nov. 12, 1991.

Rehearing Denied Dec. 9, 1991.

David F. Vela, Colo. State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

Petitioner, Joseph Thomas, was convicted by a jury of attempted heat of passion manslaughter,[1] first degree assault,[2] and crime of violence.[3] The charges resulted from an altercation between Thomas and Roy Preston that occurred on the evening of November 30, 1986. On appeal, the Court of Appeals affirmed the conviction, and in so doing rejected Thomas' assertion that the trial court erred in failing to instruct the jury that the affirmative defense of self-defense applied to the charge of attempted heat of passion manslaughter.

*People v. Thomas*, 789 P.2d 470 (Colo.App. 1989). Having granted Thomas' petition for certiorari, we affirm the judgment of the Court of Appeals, but disapprove the holding that self-defense is not applicable to the offense of attempted heat of passion manslaughter.

I

In October 1986, Preston, who owned a thrift store, introduced himself to Thomas at a bus terminal and offered Thomas part-time employment and transportation to the store from Thomas' residence. Thomas accepted the offer.

On November 30, 1986, Thomas arrived at the store at approximately 6:30 in the evening in response to an earlier telephone call made by Preston. Thomas accepted Preston's invitation to spend the night in the store in order to begin work early the next morning. Later in the evening Preston locked the doors to the store and he, Thomas, and Juan, another employee, went downstairs to go to bed. Thomas and Juan were to sleep in one basement room and Preston was to sleep in a separate room.

Thomas testified at trial that shortly after he went to bed Preston entered the room and began rubbing Thomas' back; that when Thomas protested, Preston said, "I know that you like it"; and that Preston began pulling at Thomas' sweat pants and making sexual advances. Thomas further testified that a struggle ensued; that Thomas eventually freed himself, ran up the staircase to the store, and seized a machete; and that when Preston pursued Thomas in the store, Thomas began to strike out with the machete. Thomas also testified that Preston initially retreated but then returned and attempted to grab the weapon; that Thomas then struck Preston again; and that Thomas ultimately kicked Preston down the stairs. During cross-examination Thomas testified that he was frightened and wanted to kill Preston.

1.  § 18–3–104, 8B C.R.S. (1986).

2.  § 18–3–202, 8B C.R.S. (1986).

3.  § 16–11–309, 8A C.R.S. (1986).

Preston suffered a skull fracture, a total loss of vision in his right eye, numerous lacerations of the head and shoulders, an extreme loss of blood, and two deep cuts to his hands. Preston testified at trial that he could not recall what happened from the time he went to bed until he woke up in the intensive care unit of a Denver hospital. He also testified that he later discovered that his watch was missing and that a wallet containing approximately $600 in cash had been removed from his trousers and left empty in his truck.

Thomas was charged with the offenses of attempted first degree murder,[4] first degree assault, and crime of violence. At trial the jury was also instructed with regard to the lesser included offense of attempted second degree murder[5] and the lesser non-included offense of attempted heat of passion manslaughter. Thomas tendered a general instruction asserting a defense of heat of passion resulting from the extreme provocation of a homosexual assault, and the trial court instructed the jury that self-defense was an affirmative defense to the charged offenses of attempted first degree murder, attempted second degree murder and first degree assault. However, Thomas did not tender an instruction stating specifically that self-defense constituted an affirmative defense to the offense of attempted heat of passion manslaughter.

## II

■ Thomas argues that the trial court and the Court of Appeals erred in concluding that the affirmative defense of self-defense may not be asserted as a defense to the offense of attempted heat of passion manslaughter. In *Sanchez v. People*, No. 90SC262, —— P.2d —— (Colo. Nov. 12, 1991), we held that self-defense is an affirmative defense to the offense of heat of passion manslaughter. We therefore agree that the trial court and the Court of Appeals erred, but do not find the error to constitute sufficient grounds for reversal of the conviction.

4. §§ 18–2–201 and 18–3–102, 8B C.R.S. (1986).

## A

■ At trial, the trial court, the prosecutor and Thomas' attorney discussed the instructions to be given to the jury. Defense counsel did not request an instruction specifically linking the defense of self-defense to the charge of attempted heat of passion manslaughter. To the contrary, he acquiesced in the trial court's conclusion that self-defense was not applicable to the offense of attempted heat of passion manslaughter, as the following colloquy demonstrates:

THE COURT: ... Counsel, one question I did have of you that you initially sloughed off was whether or not self-defense applies to heat of passion manslaughter. It was my initial impression that it did not. I believe the prosecution agreed that it did not, and [defense counsel] you also agreed?

[DEFENSE COUNSEL]: That's correct, Your Honor.

Conceding that he neither sought such a specific instruction nor objected to a lack thereof at the time the trial court instructed the jury, Thomas argues that during jury deliberations he did object to the lack of such instruction. The record does not support this assertion.

During jury deliberations, the jury foreman submitted the following question to the trial court: "Does the 'affirmative defense' apply to heat of passion manslaughter[?]" The trial court, the prosecutor and defense counsel discussed this development, and the trial court answered the question in the negative. Prior to so responding to the jury's inquiry, the trial court reiterated its conclusion that the defense of self-defense was inconsistent with the offense of heat of passion manslaughter. When the trial court specifically asked defense counsel if his position had changed with respect to that issue, defense counsel responded as follows:

[DEFENSE COUNSEL]: Your Honor, my only concern is just, for the record,

5. §§ 18–2–201 and 18–3–103, 8B C.R.S. (1986).

we disagree with *People v. Fink* [, 194 Colo. 516, 574 P.2d 81 (1978),] and the progeny that the affirmative defense cannot be used for the heat of passion impulsive type act. We are basing that decision only on the statute 18–1–704, [8B C.R.S. (1986) ] that affirmative defense of physical force can be used to defend yourself against any crime, and so I guess for the record, we are disagreeing with *People v. Fink.*

Defense counsel neither objected to the trial court's proposed negative answer to the jury's question nor offered any supplemental instruction to the effect that the defense of self-defense was applicable to the lesser non-included offense of attempted heat of passion manslaughter.[6]

■ A defendant who fails to make a timely, specific objection to a jury instruction or to tender an alternative instruction that more accurately states the law is in general precluded from claiming error in the instructions. *Wilson v. People,* 743 P.2d 415 (Colo.1987); *People v. Bercillio,* 179 Colo. 383, 500 P.2d 975 (1972); *Ruark v. People,* 157 Colo. 320, 402 P.2d 637, *cert. denied,* 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965); *see also* Crim.P. 30; Crim.P. 52(b), 7B C.R.S. (1984). As we have indicated, the record contains no support for the suggestion that Thomas objected to the trial court's conclusion of law but does establish that Thomas did not tender a specific instruction connecting the defense of self-defense to the offense of heat of passion manslaughter. Thus Thomas' assertion of error must be addressed pursuant to plain error analysis. Crim.P. 52(b), 7B C.R.S. (1984).

### B

■ An appellate court may review an alleged error in jury instructions not specifically raised by a defendant at trial to ascertain whether such error substantially

affected a fundamental right of the accused and cast serious doubt upon the fairness of the trial proceedings and the validity of the conviction. Crim.P. 30 and 52(b), 7B C.R.S. (1984); *People v. Wood,* 743 P.2d 422 (Colo.1987); *People v. Weller,* 679 P.2d 1077 (Colo.1984). *See Vigil v. People,* 196 Colo. 522, 587 P.2d 1196 (1978). Having reviewed the evidence adduced at trial, and considering the fact that the jury rejected Thomas' defense of self-defense with respect to the offense of first degree assault, we conclude that the trial court's failure to instruct the jury that self-defense constitutes an affirmative defense to the offense of attempted heat of passion manslaughter did not contribute substantially to Thomas' conviction of that offense.

### III

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

---

**6.** We thus disagree with the Court of Appeals conclusion that defense counsel expressly objected to the trial court's ruling on this issue. *See People v. Thomas,* 789 P.2d at 471. Although defense counsel did tender initially a general self-defense instruction, its language was not directed to the offense of heat of pas-

sion manslaughter or to any particular offense. In our view, the record as a whole at best supports the conclusion that defense counsel agreed with the People and the trial court that *People v. Fink,* 194 Colo. 516, 574 P.2d 81 (1978), was dispositive of the question but asserted that *Fink* was wrongly decided.