The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Nathan Rico FERNANDEZ,
Defendant–Appellant.

No. 91CA1732.

Colorado Court of Appeals,
Div. I.

March 10, 1994.

Rehearing Denied May 5, 1994.

Certiorari Denied Oct. 24, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Nathan Rico Fernandez, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree murder. We affirm.

On the night of the incident, defendant, who was then 17 years of age, and several friends went to a bar to play pool, but were told to leave by the manager because some of them were underaged. After leaving, some of defendant's friends reentered the bar without him, and a brawl broke out.

Defendant waited for his friends in a small parking area just outside the front door of the pool hall. Although badly beaten during the fight, defendant's friends made their way out of the pool hall and ran to their car. The victim and several other customers ran out behind them. The testimony was conflicting as to whether the victim was carrying a pool cue.

Still standing in the parking area of the bar, defendant fired two shots toward the people near the open doorway of the bar and three more shots through a window into the building. One of the first two shots struck and killed the victim, and the other hit the front door.

## I.

■ We reject defendant's contention that the trial court erred in refusing to instruct the jury on the applicable law of non-retreat and "apparent necessity" as those principles apply to the affirmative defense of self-defense.

In this case, defendant was charged with extreme indifference murder, which requires proof that he acted "under circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally." Section 18–3–102(1)(d), C.R.S. (1986 Repl.Vol. 8B). The supreme court has defined the element of "universal malice" as aggravated or extremely reckless conduct. *People v. Jefferson*, 748 P.2d 1223 (Colo.1988).

■ If an element of a charged crime is that the defendant acted in a reckless manner, and the trial court instructs the jury as to every element of the crime, then a self-defense instruction is not required. *Case v. People*, 774 P.2d 866 (Colo.1989). This principle is based upon the rationale that, for certain actions to constitute self-defense, not only must the defendant reasonably believe that his actions were justified, but he also must act in a reasonable manner. Therefore, a jury finding of reckless conduct is inconsistent with a finding that a defendant acted reasonably. *See People v. Fink*, 194 Colo. 516, 574 P.2d 81 (1978).

For that reason, the charge of extreme indifference murder is inconsistent with the affirmative defense of self-defense. Finding a defendant guilty of extreme indifference murder necessarily precludes a finding that his actions were reasonable, as the "universal malice" element of the offense requires the jury to conclude that the defendant acted with aggravated recklessness. *See People v. Jefferson, supra.*

■ In this case, the trial court instructed the jury on the extreme indifference murder charge and the lesser included offenses of second degree murder, reckless manslaughter, heat-of-passion manslaughter, and criminally negligent homicide. The affirmative defense instruction on self-defense was also given on the crimes of extreme indifference murder, second degree murder, and heat-of-passion manslaughter.

Defendant was not entitled to a self-defense instruction with respect to the extreme indifference murder charge of which he was convicted; thus, the giving of that instruction cannot be held to have prejudiced him. And, even if the trial court erred in omitting the principles of "retreat-to-the-wall" and "apparent necessity" from the self-defense instruction as it related to second degree murder and heat-of-passion manslaughter, the jury's conviction of defendant on extreme indifference murder rendered the omission harmless.

Accordingly, the trial court committed no reversible error in not including these con-

cepts in the self-defense instruction. *Cf. Beckett v. People,* 800 P.2d 74 (Colo.1990) ("apparent necessity" encompassed in self-defense instruction rendering separate instruction unnecessary).

## II.

■ Defendant next argues that the evidence was not sufficient to support a finding that he acted with the universal malice required for a verdict of extreme indifference murder. We do not agree.

During trial, defendant unsuccessfully moved for judgment of acquittal on the ground that the element of "universal malice" could not be established because his conduct was directed against a single individual. After trial, defendant moved for a judgment notwithstanding the verdict on the same ground. The trial court denied that motion.

■ The death of an individual cannot support a conviction under the extreme indifference murder statute if the defendant actually intended to cause the death of the person killed. *People v. Atkins,* 844 P.2d 1196 (Colo.App.1992).

However, in this case, there was evidence in the record from which the jury could conclude that defendant indiscriminately fired two shots at the doorway of the pool hall. One bullet hit the victim and the other bullet struck the open front door. Defendant gave various explanations for his conduct; at one time he stated that he "just shot at that dude with the pool stick." However, testimony placed persons other than the victim in or near the doorway at the time defendant shot in that direction. And, defendant also stated that he shot when he saw all "them dudes come running out" to scare them and to stop them. *See People v. Jefferson, supra* (intending to shoot over victim's head in order to scare him, but hitting him by "mistake" recognized as extreme indifference murder at common law).

This evidence, viewed as a whole and taken in the light most favorable to the prosecution, is sufficient to support a conclusion that the defendant acted with universal malice in shooting at persons in the open doorway and thus that he is guilty of extreme indifference murder beyond a reasonable doubt. *See Kogan v. People,* 756 P.2d 945 (Colo.1988).

## III.

■ We also reject defendant's argument that the trial court abused its discretion by permitting the prosecutor to introduce irrelevant and unfairly prejudicial evidence.

The evidence in question includes testimony of five witnesses describing the clothing of defendant and his friends as being dark or black in color and as bearing team athletic insignias. Defendant argues that this evidence improperly connects him to a street gang and is highly prejudicial.

We hold that all of the contested testimony is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice. *See* CRE 401 and 403; *People v. Spoto,* 795 P.2d 1314 (Colo.1990).

The prosecutor did not use the word "gang" in his questions, nor did the witnesses use that word in their answers. Each witness simply described what defendant and his friends were wearing on the date of the incident. Such descriptions were relevant to the ability of the different witnesses to recognize the defendant or his friends during the barroom brawl and the subsequent shooting.

■ Additionally, we find no reversible error in the trial court's denial of defendant's motion for mistrial after the prosecutor asked one witness whether defendant or his friends were associated with any gangs.

■ Declaring a mistrial constitutes drastic action and is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Smith,* 620 P.2d 232 (Colo.1980).

■ Because the trial court is in the best position to evaluate the effect of any irregularity on the jury, *see People v. Roy,* 723 P.2d 1345 (Colo.1986), the granting of a motion for mistrial rests within its sound discretion. *People v. Abbott,* 690 P.2d 1263 (Colo.1984).

Here, defendant objected to the prosecutor's question about gang involvement, the court sustained the objection, and the wit-

ness did not answer the question. Also, defendant concedes that, until the prosecutor asked this one question, the issue of gang involvement had not been mentioned "in any way or fashion."

Although we disapprove of the prosecutor's attempt to solicit this testimony, we perceive no abuse of discretion in the trial court's determination that the question did not so substantially prejudice defendant as to warrant declaration of a mistrial.

## IV.

■ We also disagree with defendant's assertion that the trial court erred in restricting the scope of closing argument.

■ The scope of final argument rests within the sound discretion of the trial court, and its ruling will not be disturbed unless it is clearly apparent that the trial court grossly abused its discretion, resulting in prejudice and a denial of justice. *People v. Motley,* 179 Colo. 77, 498 P.2d 339 (1972); *People v. Garcia,* 690 P.2d 869 (Colo.App.1984).

Contrary to defendant's contentions, the trial court did not prevent defense counsel from arguing his theory of the case to the jury. Rather, the court merely prohibited both defense counsel and the prosecution from asking the jurors to "stand in the shoes" of either the defendant or the victim. Arguments of those types are disfavored in the guilt phase of criminal trials. *See People v. Rodriquez,* 794 P.2d 965 (Colo.1990). Thus, the trial court did not abuse its discretion in precluding defendant from pleading with jurors to put themselves in defendant's position.

## V.

■ Defendant claims that, because he was a 17–year–old juvenile with no prior convictions at the time of the offense, he is entitled to an extended proportionality review of his sentence to life imprisonment with no possibility for parole. We do not agree.

Inasmuch as defendant is challenging the constitutionality of his mandatory sentence to life imprisonment without parole for committing the crime of first degree murder, *see* § 16–11–103, C.R.S. (1986 Repl.Vol. 8), he is entitled to some form of proportionality review of that sentence. However, only an abbreviated review is required.

■ Age is not a relevant factor in determining the scope of proportionality review. *See Valenzuela v. People,* 856 P.2d 805 (Colo.1993). And, defendant is not entitled to an extended proportionality review simply because the sentence will equal his life expectancy. *People v. Smith,* 848 P.2d 365 (Colo. 1993); *People v. Cisneros,* 855 P.2d 822 (Colo.1993).

■ Therefore, when a mandatory sentence is imposed in a non-habitual offender case, the appropriate review of proportionality is a comparison of the gravity of the offense and the harshness of the penalty. *People v. Smith, supra.*

In *Valenzuela v. People, supra,* the supreme court held that a mandatory sentence to life imprisonment with no possibility of parole for forty years for committing first degree murder is not an unconstitutionally disproportionate sentence when applied to a juvenile offender. The only distinction between *Valenzuela* and this case is that defendant's sentence carries no possibility of parole, while Valenzuela could be paroled after forty years.

However, when the defendant has been convicted of first degree murder, "a crime of utmost gravity," *see People v. Smith, supra,* 848 P.2d at 374, the difference between life without possibility of parole for forty years and life without any possibility of parole is insufficient to render the sentence disproportionate.

■ Hence, we conclude as a matter of law that the sentence of life without possibility of parole is not disproportionate to the offense of first degree murder.

Judgment affirmed.

BRIGGS and TURSI,* JJ., concur.