The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jhil R. MARQUANTTE, Defendant–
Appellant.

No. 93CA0935.

Colorado Court of Appeals,
Div. IV.

Nov. 24, 1995.

As Modified on Denial of Rehearing
Feb. 22, 1996.

Certiorari Denied Sept. 3, 1996.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Maureen Phelan, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Janet F. Youtz, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Jhil Marquantte, appeals the judgment entered on a jury verdict finding him guilty of second degree murder of one victim and attempted second degree murder and second degree assault of a second victim. We affirm defendant's convictions but remand for resentencing.

Defendant attended a gathering of a rival gang where members of his gang were present. An escalating encounter ensued, and defendant shot both victims, killing one and seriously injuring the other. At trial, defendant maintained that he acted in self-defense.

Immediately after the shooting, defendant and two fellow gang members committed a burglary. The other two members were given deferred judgments for the burglary and they subsequently testified against defendant.

Following his conviction, defendant was present with counsel at sentencing but was not invited by the court to speak on his own behalf.

I

Defendant contends that the trial court denied his right to a fair trial by failing to protect the witnesses and defense counsel from intimidation. We disagree.

During trial, defense counsel requested that one member of a victim's family be excluded from the courtroom because he was threatening her and the defense witnesses in the hallways outside the courtroom. The court declined to exclude the victim's family because there was no specificity as to the threats or the family members involved. Instead, it addressed the spectators on courtroom decorum and the possible repercussions for attempting to discourage a victim from testifying.

Later, when defense counsel informed the court of a specific threat made against a witness, the court ordered that the family member who had made the threat be brought before the court to advise him that he could be barred from the courtroom if he returned. The court offered to make a police officer available so the witness could file a complaint. The family member did not return to the courtroom.

■ A court has broad discretion to determine what actions are necessary to regulate the courtroom. *People v. Angel*, 790 P.2d 844 (Colo.App.1989).

In our view, the court's statements to the spectators constituted a reasonable response to the problem it faced and was not an abuse of discretion that deprived defendant of a fair trial.

## II

Defendant next contends that, by improperly limiting access to and use of evidence, the court denied his right to confront and cross-examine the witnesses. Again, we disagree.

### A.

■ First, as to defendant's contention that he was unfairly denied access to police contact cards on gang members, we note that he was able to obtain the police contact cards by subpoena. Thus, his right to confrontation and cross-examination was not impaired.

■ Defendant's second contention is that the trial court erred in ruling that confidential school records of two witnesses were inadmissible because they were not relevant. We do not agree.

■ Trial courts are accorded broad discretion in deciding the admissibility and relevancy of evidence. *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989) (*cert. denied, Huckleberry v. Gunter*, 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 400 (1992)).

Our review of the school records leads us to conclude, as did the trial court, that the records contained no relevant material. Thus, the records were properly not made available to defendant.

### B.

■ Defendant further contends that the trial court committed reversible error in its ruling upon the admissibility of evidence of deferred judgments given the two accomplices in the burglary. We do not agree.

At trial, the court ruled that mention of the deferred judgments for impeachment purposes would open the door to a discussion of the burglary for which defendant was not on trial. The court reasoned that it was impossible to discuss the judgments separately from the circumstances upon which they were based.

Defendant objected to the ruling, urging that it limited his ability to impeach the witnesses as to whether they had received deferred judgments in exchange for their testimony. However, there was no evidence to support defendant's theory that the witnesses had been offered deferred judgments in exchange for their testimony. Thus, we conclude that the trial court acted within its discretion in advising defendant to inquire about the judgments at his own risk. *See People v. Huckleberry, supra* (courts have broad discretion in determining the admissibility of evidence).

### C.

■ At trial, defendant sought to introduce evidence of the victims' prior violent acts and their reputations for violence to show that his fear of the victims was legitimate and that he acted in self-defense. We reject defendant's contention that his right to

cross-examine witnesses about these matters was violated.

■ Although character evidence is not generally admissible to prove conduct, a defendant claiming self-defense may put into evidence the victim's reputation for violence. CRE 404(a)(2). Evidence of past violent acts is, however, relevant only if the defendant can establish that he had knowledge of those acts and acted on the basis of that knowledge. *See People v. Ibarra,* 849 P.2d 33 (Colo.1993).

The record reflects that, at the time of the homicide, defendant lacked knowledge of the victims' prior violent acts. Accordingly, the court properly excluded such testimony under CRE 402.

### III

■ Defendant next contends that the trial court erred in admitting evidence of his prior violent acts. We do not agree.

The acts sought to be introduced by the People included defendant's violent initiation of a young gang member and his violence against that individual immediately after the homicide. The People argued that defendant committed the homicide and the assault to protect the younger gang member and to set an example for him and thus, defendant's acts were relevant to his state of mind and motive and showed that defendant acted intentionally.

■ Evidence of prior acts is not admissible to prove the bad character of a person as a means of indicating that he acted in conformity therewith on a particular occasion, but is admissible to prove motive or intent. CRE 404(b). For prior act evidence to be admissible, it must relate to a material fact, be logically relevant apart from the inference that the party acted in conformity with his bad character, and its probative value must not be substantially outweighed by the danger of unfair prejudice. *People v. Spoto,* 795 P.2d 1314 (Colo.1990).

We perceive no error in the trial court's admission of evidence of defendant's violent acts towards the young gang member. Defendant's acts are logically relevant to his

motive and intent and their relevance is independent of the inference that defendant was acting in conformity with his bad character. Further, we find no abuse of discretion in the trial court's conclusion that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, the evidence met the *Spoto* criteria and was properly admitted.

### IV

Defendant contends that the cumulative effect of errors previously alleged and the effect of errors that occurred in jury selection and jury instruction, coupled with improper argument by the People, deprived him of a fair trial. We disagree.

### A.

■ Defendant argues that the trial court abused its discretion by denying his challenges for cause, thereby forcing him to exercise peremptory challenges as to certain potential jurors. We do not agree.

Although defendant asserts that four of his challenges for cause were improperly denied by the trial court, the People contend, and defendant does not dispute, that the People exercised a peremptory challenge as to one of the potential jurors and that a second potential juror, whom defendant purportedly eliminated with a peremptory challenge, was in the jury pool but was never called into the jury box. Therefore, we will restrict our discussion to the two remaining challenges for cause contested by defendant.

■ A trial court is vested with broad discretion to decide questions about jury selection. However, reviewing courts are responsible for ensuring that the requirements of fairness are met in the jury selection process. *Morgan v. People,* 624 P.2d 1331 (Colo.1981).

■ A trial court need not disqualify a juror if it is satisfied that the potential juror will render a fair and impartial verdict according to the law and the evidence presented at trial even if the potential juror has expressed negative opinions about some facet of the case. The court can assign considera-

ble weight to the potential juror's statement that he or she can fairly and impartially serve on the case. *People v. Sandoval,* 733 P.2d 319 (Colo.1987).

Although the two jurors who were challenged for cause expressed negative opinions of gangs and gang members, they asserted that they could objectively weigh the evidence before them. Accordingly, the trial court did not abuse its discretion in determining that the jurors' negative opinions about gangs, standing alone, were not sufficient to justify their disqualification.

### B.

Defendant further asserts that the trial court erred by failing to instruct the jury on self-defense as an affirmative defense to reckless manslaughter and criminally negligent homicide. We disagree.

Defendant did not object to the lack of a self-defense instruction as to the charges of reckless manslaughter and criminally negligent homicide. As a result, reversal is required only if the alleged error "substantially affected a fundamental right of the accused and cast serious doubt upon the fairness of the trial proceedings and the validity of the conviction." *Thomas v. People,* 820 P.2d 656, 659 (Colo.1991).

We consider *People v. Fink,* 194 Colo. 516, 574 P.2d 81 (Colo.1978) to be dispositive of this issue. *Fink* stands for the proposition that, if the trial court properly instructs the jury as to each element of the crimes of reckless manslaughter and criminally negligent homicide, no error results from its failure to give a self-defense instruction.

The *Fink* court held that the affirmative defense of self-defense is inconsistent with the elements of recklessness and criminal negligence because it is inherent in the defense "that the person not only reasonably believed that his actions were justified, but also that he acted in a reasonable manner." *People v. Fink, supra,* 194 Colo. at 518, 574 P.2d at 83.

In reliance upon the dissent in *Case v. People,* 774 P.2d 866 (Colo.1989), defendant

maintains that *Fink* should be reversed because the jury instruction relied upon there, *COLJI–Crim.* No. 9:07 (1974), has been modified and, as modified, includes as an element of the crime of reckless manslaughter the absence of any relevant affirmative defense. *See COLJI–Crim.* No. 9:06 (1983). Defendant urges that the Notes on Use accompanying the modified instruction no longer foreclose the use of self-defense as a possible affirmative defense.

Although we acknowledge that *Fink* relied in part on the Notes on Use of *COLJI–Crim.* No. 9:07 (1974), we conclude that the underlying rationale of *Fink* remains valid because the court's analysis of the inconsistency between the self-defense instruction and the nature of the underlying offenses is independent of *COLJI–Crim.* No. 9:07 (1974).

### C.

We also reject defendant's contention that, during rebuttal, the prosecutor made improper and inflammatory argument.

Contentions of improper argument in a closing argument must be evaluated in "the context of the argument as a whole and in light of the evidence." *People v. Gutierrez,* 622 P.2d 547, 554 (Colo.1981).

A prosecutor is afforded considerable latitude in replying to an argument made by opposing counsel. *People v. Vialpando,* 804 P.2d 219 (Colo.App.1990).

Although the prosecutor may have overstated his case somewhat, our review of the record reveals that his closing argument, viewed in its totality, was not improper and therefore, we conclude that the trial court's refusal to declare a mistrial on that basis was not erroneous. *See People v. Gutierrez, supra.*

### V

Defendant contends that he was denied his right to allocution prior to sentencing because the court did not explicitly afford him the opportunity to make a statement on his own behalf. We agree and remand for resentencing.

Defendant was present with counsel at sentencing and, although defense counsel and

several witnesses spoke on his behalf, he was not personally invited to address the court.

Prior to sentencing, a court must afford the defendant the opportunity to make a statement on his own behalf. Section 16–11–102(5), C.R.S. (1986 Repl.Vol. 8A); Crim.P. 32(b). The appropriate remedy for denial of a defendant's right to allocution is resentencing. *People v. Garcia*, 752 P.2d 570 (Colo.1988).

To afford a defendant the opportunity to make a statement on his behalf, the trial court must address the defendant in a manner that leaves no doubt that the defendant is personally invited to speak prior to sentencing. *See Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

Our review of the record reveals that, prior to sentencing, the court did not specifically address defendant and invite him to speak to the court on his own behalf. Thus, the sentence cannot stand and the matter must be remanded for resentencing.

The judgment of conviction is affirmed. The sentence is vacated and the cause is remanded for resentencing.

TAUBMAN and KAPELKE, JJ., concur.