The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Arlie D. ROBERTS, Defendant–Appellant.

No. 95CA2122.

Colorado Court of Appeals,
Div. III.

May 14, 1998.

Rehearing Denied Aug. 6, 1998.

Certiorari Denied Sept. 7, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Douglas J. Friednash, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

In this case involving a fatal shooting, defendant, Arlie Roberts, appeals the judgment of conviction entered upon a jury verdict finding him guilty of criminally negligent homicide. We reverse and remand for a new trial.

In October 1994, the victim and defendant, who were friends and neighbors, went hunting together, and became intoxicated before returning to defendant's home in the early

evening. The victim's wife joined the men and a fight between the victim and his wife soon ensued. The couple, who had a volatile relationship and frequently fought, argued over the victim's accusation that his wife was having an affair with defendant. The fight continued until the victim stormed out of the house and went home.

Shortly thereafter, the victim returned to defendant's house and reinitiated the fight with his wife in defendant's front yard until the wife entered defendant's house. Meanwhile, defendant, who had called 911, went outside to talk to the victim. Soon thereafter, the victim's wife heard a shot and returned outside to discover defendant with his hunting gun in his hand and her husband lying fatally wounded on the ground.

Defendant told the wife that he had shot the victim because he was trying to protect her and her children. Later, defendant told the police that he shot the victim in self-defense after the victim had pulled a knife on him.

Defendant was charged with reckless manslaughter, but was convicted of the lesser offense of criminally negligent homicide.

## I.

Defendant first contends that the trial court erred by failing to instruct the jury on self-defense as an affirmative defense to reckless manslaughter and criminally negligent homicide. We disagree with defendant's contention. However, because the jury should have been informed of the circumstances under which he was entitled to use force in defending himself or a third party, we reverse defendant's conviction for criminally negligent homicide.

At trial, the court denied defendant's request for an affirmative defense instruction and instead gave the following instructions as to self-defense:

### Instruction No. 13

Self-defense and defense of another are not affirmative defenses to the charge of reckless manslaughter or to the lessor [sic] included offense of criminally negligent homicide.

If it is the juries [sic] determination that the defendant acted recklessly or with criminal negligence, self-defense and defense of another do not apply to the facts of the case.

On the other hand, if the jury determines that the defendant acted knowingly or intentionally in order to protect himself or someone else, self-defense and defense of another may be considered by the jury.

### Instruction No. 14

Colorado Revised Statute 18–1–704 **Use of Physical Force in defense of a person.**

(1) . a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

(2) Deadly physical force may be used only if a person reasonably believes a lesser degree of force is inadequate and:

(a) The actor has reasonable ground to believe, and does believe, that he or another person is in imminent danger of being killed or of receiving great bodily injury;

In denying defendant's request, the trial court relied on the proposition, stated in *People v. Fink*, 194 Colo. 516, 518, 574 P.2d 81, 83 (1978), that: "[W]hen an element of the crime charged is that the defendant acted in a reckless or criminally negligent manner, and the trial court properly instructs the jury as to each element, no error results from the court's failure to give a self-defense instruction." This rule is based on the rationale that self-defense is inconsistent with the elements of recklessness and criminal negligence because it is inherent in the defense "that the person not only reasonably believed that his actions were justified, but also that he acted in a reasonable manner." *People v. Fink, supra,* 194 Colo. at 518, 574 P.2d at 83. *See also People v. Marquantte,* 923 P.2d 180 (Colo.App.1995). Accordingly, because self-defense presupposes that the defendant acted intentionally and knowingly, it can only be an affirmative defense to murder.

■ However, as the court in *Fink* noted, this does not mean that a defendant may not present evidence that he was acting in self-defense. Rather, "[s]uch evidence may be considered by the jury in its determination of whether the defendant was acting recklessly or in a criminally negligent manner." *People v. Fink, supra,* 194 Colo. at 519, 574 P.2d at 83.

■ Furthermore, when such evidence is presented, the jury should be informed of the right of a defendant to put himself in a position of reasonably defending himself. *See Idrogo v. People,* 818 P.2d 752 (Colo. 1991).

The *Idrogo* court specifically referenced § 18-1-704, C.R.S.1997, and stated:

> [W]here the record contains any ·evidence tending to establish the defense of self-defense the defendant is entitled to have the jury properly instructed with respect to that defense.... [A] trial court must tailor instructions to the particular circumstances of a given case when the [pattern] instructions, taken as a whole, do not adequately apprise the jury of the law of self-defense *from the standpoint of the defendant.*

*Idrogo v. People, supra,* 818 P.2d at 754 (emphasis added).

■ Here, the jury should have been instructed that, in determining whether defendant committed the crime of reckless manslaughter or the lesser offense of criminally negligent homicide, it should consider whether defendant reasonably believed that it was necessary for him to use deadly physical force to defend himself or another person from the use or imminent use of unlawful physical force by the victim, and that he could use that degree of force which he reasonably believed to be necessary for that purpose.

Being so instructed, the jury, in determining whether defendant committed the crime of reckless manslaughter or criminally negligent homicide, could find that an accident occurred as a result of neither reckless nor negligent conduct on the part of defendant.

■ Here, the instructions given by the trial court were flawed in three respects. First, Instruction No. 13 informed the jurors that if they determined that defendant had acted recklessly or with criminal negligence, self-defense and defense of another did not apply to the facts of this case. This instruction could have led the jurors erroneously to conclude that defendant had no right to attempt to protect himself or the victim's wife from the victim and, therefore, the instruction was improper.

■ Secondly, Instruction No. 13 also informed the jurors that they might consider self-defense or defense of another if they found that defendant acted knowingly or intentionally. The instruction was improper on this account also because it instructed the jury on an affirmative defense to murder, a crime with which defendant was not charged. Finally, Instruction No. 14 was similarly flawed because it instructed the jury on the intentional use of deadly physical force when defendant was not charged with such an offense.

Because the trial court did not ensure that the jury received proper instructions setting forth the rule of law relied upon by defendant, we conclude that the court committed reversible error. *See Idrogo v. People, supra.* Accordingly, the judgment cannot stand and the cause must be remanded for a new trial on the charge of criminally negligent homicide. If the evidence at trial should so indicate, an instruction on self-defense should be presented, shaped to the particular circumstances of the defendant.

## II.

Because other issues raised by defendant may recur on remand, we consider them here.

### A.

Defendant contends that the trial court erred in refusing to include "fists" within the jury instructions defining deadly weapon. We disagree.

Defendant tendered the following instructions to the trial court:

You are instructed that a person's fists maybe [sic] deadly weapons if in the manner they are used or intended to be used they are capable of producing death or serious bodily injury.

He argues that the jury was entitled to this instruction because the evidence showed that the victim was capable of using his fists to inflict harm on his wife.

The trial court rejected this argument. It found that, although the circumstances in some cases would warrant such an instruction, in this case, where "there has not even been a threat of a fist being used or any evidence it has been actually used toward the defendant," the instruction was inappropriate.

 When determining whether a device is a deadly weapon, the court must consider whether such device was used in a manner that could have caused death or serious bodily injury. *See People in Interest of J.R.,* 867 P.2d 125 (Colo.App.1993). Thus, fists may be considered to be deadly weapons if they are used or intended to be used in a manner in which they are capable of producing death or serious bodily injury. *See People v. Ross,* 831 P.2d 1310 (Colo.1992). *See also* 18–1–901(3)(e), C.R.S.1997.

Here, however, there was no evidence which showed that the victim's fists were used in a manner which could have caused serious bodily injury or death. Indeed, as the trial court noted, there was no evidence that the victim even threatened defendant with his fists.

Moreover, the evidence that, on a separate occasion, the victim had inflicted injury upon his wife with his fists is not sufficient to find that on the night of the incident the victim used or intended to use his fists as a deadly weapon. Therefore, the trial court did not err in refusing to include fists in the instruction defining a deadly weapon, and under similar circumstances on retrial, such instruction would again be inappropriate.

### B.

We also reject defendant's contention that the trial court erred in not instructing the jury on his choice of evils defense.

Under the doctrine of choice of evils, acts which would otherwise be criminal may be justifiable if such acts were performed under extraordinary circumstances out of some immediate necessity to prevent a greater harm from occurring. The party seeking to employ such a defense must prove that the criminal act was "necessary because of the sudden and unforeseen emergence of a situation requiring the actor's immediate action to prevent the occurrence of an imminently impending injury." *People v. Brandyberry,* 812 P.2d 674, 678 (Colo.App.1990).

Even if we were to assume that, under some set of circumstances, it might be appropriate to instruct on choice of evils when a defendant is not charged with intentional conduct, here, if the jurors are properly instructed as to the elements of self-defense or defense of another, there is no necessity for an instruction on the choice of evils doctrine.

The judgment is reversed and the cause is remanded with directions that a new trial be granted as to the charge of criminally negligent homicide.

Chief Judge HUME and Judge BRIGGS concur.