**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY MARTINEZ,

       Petitioner–Appellant,

v.

ANGEL MEDINA, Warden (LCF); THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondents–Appellees.

No. 11-1281
(D.C. No. 1:10-CV-00828-WJM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Troy Martinez, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. We deny his application for COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Martinez's application liberally because he proceeds pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

# I

Martinez killed a rival gang member in a drive-by shooting.[2] He was charged with multiple counts in state court. At trial, he admitted to the shooting but argued the killing was self-defense. He testified that he believed he saw one of the gang members reach for something shiny in his pocket, and "thought he was reaching for a gun."

The trial court instructed the jury that self-defense is an affirmative defense to: (1) first-degree murder after deliberation; (2) the lesser included offense of second-degree murder; and (3) the lesser non-included offense of provoked passion manslaughter. It did not extend the self-defense instruction to the charge of first-degree murder with extreme indifference, the charge of which Martinez was found guilty. Although the jury did not render a separate verdict on the lesser non-included offense, the trial court decided to "accept the verdicts as have in fact been tendered by the jury." Martinez was sentenced to life in prison without parole; the Colorado Court of Appeals affirmed his conviction; and the Colorado Supreme Court denied certiorari review.

Martinez filed a state application for post-conviction relief, which the state district

---

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a determination of a factual issue made by a State court shall be presumed to be correct" unless a habeas petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Martinez does not disagree with the Colorado state courts' version of the facts of this case; we therefore have generally adopted the facts as described in People v. Martinez, No. 96CA0966 (Colo. App. Jan. 22, 1998), and have supplemented them with our own review of the state court record only where necessary.

court denied.  That denial was affirmed on appeal, and the Colorado Supreme Court denied certiorari.

Martinez then filed a 28 U.S.C. § 2254 petition in federal district court.  Most of his claims were dismissed for failure to exhaust or for failure to raise a cognizable federal claim, but the district court considered, and dismissed, three claims on the merits:

> Claim 1:  The state trial court committed structural error by failing to require the jury to render a verdict on the lesser non-included offense.
>
> Claim 2:  The jury instructions precluded the jury from considering evidence of self-defense as a defense to the charge of extreme indifference murder, violating Martinez's constitutional right to present a defense.
>
> Claim 3:  Martinez's due process rights were violated as a result of prosecutorial misconduct in the closing argument.

Presenting these same three claims, and the additional argument that the district court erred by failing to grant a stay for him to exhaust other claims, Martinez now seeks permission to appeal.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA.  28 U.S.C. § 2253(c)(1)(A).  To obtain a COA, Martinez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

All of the arguments for federal habeas relief Martinez presents in his § 2254 petition were decided on the merits in state court. Accordingly, for his petition to succeed, he must establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2); see Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).

Martinez's § 2254 petition was properly decided.

### III

To prevail on his constitutional claim of "structural error," Martinez faces a very high burden. Indeed, the Supreme Court has recognized only "a very limited class" of structural errors, such as the total deprivation of counsel, the lack of an impartial trial judge, the denial of the right to self-representation, the violation of the right to a public trial, or an erroneous reasonable-doubt instruction. United States v. Marcus, 130 S. Ct. 2159, 2164-65 (2010) (quotations and citations omitted) (citing United States Supreme Court cases). The United States Supreme Court has never held, either directly or impliedly, that it is structural error for a court not to require a verdict on a lesser non-included offense when a defendant has been convicted of a more serious offense. That alone forecloses Martinez's argument. See § 2254(d)(1). To the extent Martinez's application, liberally construed, asserts non-structural error, that claim has not been

exhausted in state court.

Martinez's second claim for relief, that he was entitled to a self-defense instruction on extreme indifference murder, fares no better. As he admits, when he was convicted in 1996, Colorado law clearly precluded an <u>affirmative</u> defense instruction to this charge. See People v. Fernandez, 883 P.2d 491, 493 (Colo. App. 1994), superseded by statute, Colo. Rev. Stat. § 18-1-704(4) (2003), as recognized in People v. Lara, 224 P.3d 388, 393 (Colo. App. 2009).[3] Under Colorado law, Martinez did have a right to present evidence of self-defense to negate the elements of the crime charged. See Case v. People, 774 P.2d 866, 870 (Colo. 1989). And the trial court gave him that opportunity—it "did not preclude the jury from considering defendant's evidence concerning self-defense as it related to the elements of the crime of extreme indifference murder," it "did not restrict defendant's presentation of such evidence," nor did it "limit defendant's counsel from asserting he acted in self-defense during closing argument." Martinez, No. 96CA0966, slip op. at 6 (Colo. App. Jan. 22, 1998). Martinez's trial counsel did not request a jury instruction specifying that self-defense could negate the mental element of the extreme indifference murder charge. Such an instruction should have been requested. But Colorado law merely required the trial court to give Martinez the opportunity to argue self-defense. As the district court properly held, "[t]he trial court neither precluded the

_____

[3] Because § 18-1-704(4) was enacted well after Martinez's trial and conviction, his arguments based on the mandatory jury instruction provisions in Subsection (4) are inapposite.

- 5 -

jury from considering self-defense . . . nor erred in failing to sua sponte give [a self-defense] instruction."

Martinez's next argument, that his due process rights were compromised by certain statements the prosecutor made during closing argument, also fails. Improper statements during closing argument warrant habeas relief if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Bland v. Sirmons, 459 F.3d 999, 1014 (10th Cir. 2006). Martinez has not demonstrated this level of pervasive prejudice. The statements he finds objectionable were responsive to his assertion of self-defense. Moreover, even assuming they were improper, they were exceedingly isolated, comprising less than two pages of trial transcript. "We have often held that a stray improper remark in closing is no basis for upsetting a trial." Lopez-Medina, 596 F.3d 716, 740 (10th Cir. 2010) (quotation omitted).

**IV**

Finally, we reject Martinez's argument on appeal that the district court committed reversible error by denying his motion to stay his habeas petition while he exhausted his unexhausted claims in state court. Whether to grant a stay and abeyance when a habeas petitioner has failed to exhaust state remedies is a matter of district court discretion. Rhines v. Weber, 544 U.S. 269, 276-79 (2005). In light of the United States Supreme Court's admonition that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in

state court," id. at 277, the district court's ruling was entirely proper.

## V

No reasonable jurist could dispute that the district court acted properly in dismissing Martinez's § 2254 petition.  Accordingly, his application for COA is **DENIED**.  His motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge