20CA0235 Peo v Collins 11-10-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0235 Arapahoe County District Court No. 18CR2083 Honorable Shay K. Whitaker, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Joseph Allen Collins Jr., Defendant-Appellant. JUDGMENT AFFIRMED Division II Opinion by JUDGE BERGER Román and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 10, 2021 Philip J. Weiser, Attorney General, Rebecca A. Adams, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Sedlak & Associates, P.C., Joseph A. Sedlak III, Joseph A. Sedlak IV, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Joseph Allen Collins, Jr., appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree murder, attempted second degree murder, possession of a weapon by a previous offender, two counts of menacing, and three habitual criminal counts. Collins contends that the trial court erred when it excluded testimony from the deceased victim’s brother that the deceased victim usually carried a gun on him. We disagree, and therefore, affirm. I. Background ¶ 2 Collins was charged with crimes stemming from an incident during which two victims, Z.R. and Z.W., were shot. According to the prosecution’s evidence, on the night before the shooting, Collins spent the evening with Z.R., Z.W., and two other people. By all accounts, everyone’s interaction that evening was amicable. ¶ 3 The next day, Collins, Z.R., Z.W., and two of Collins’s friends walked to a convenience store. During that outing, Collins shot and killed Z.R. and shot and wounded Z.W. Collins’s defense at trial was that he acted in self-defense because he saw Z.R. reach into the waistband of his pants and thought he was reaching for a gun. However, no guns were found at or near the crime scene. 
2 ¶ 4 Z.W. testified that although either he or Z.R. usually carried a gun, neither of them had a gun on them the day of the shooting. He also testified that he saw Collins point a gun a Z.R. and then saw Z.R. fall to the ground, but he did not see Z.R. reach for a gun. ¶ 5 In contrast, Collins told police that he saw Z.R. take a gun out of his backpack the night before the shooting. As for the day of the shooting, Collins told the police that he did not see Z.R. with a gun, but that he saw Z.R. reaching for his waistband, which he thought meant he was reaching for a gun. And, while there was testimony that Z.R. had a backpack the night before the shooting, it was undisputed that Z.R. did not have the backpack with him when the shooting occurred and that no gun was found in the backpack after the shooting. ¶ 6 Collins sought to introduce testimony from Z.R.’s brother that when he retrieved Z.R.’s backpack he was surprised that there was no gun in the backpack or on his brother’s person when the shooting occurred because it was unlike his brother to not be armed. Collins argued that evidence that Z.R. normally carried a gun and acted in conformity with that habit was relevant and permissible to demonstrate the reasonableness of his use of deadly 
3 force in defending himself. Collins’s argument about Z.R. acting in conformity with his character, even though no gun was found, was premised on the assumption that Z.R. had one on him and either Z.W. disposed of it or the police investigation was just not thorough enough to find it. ¶ 7 The prosecution objected to the admission of the brother’s testimony as improper character evidence and as irrelevant to the self-defense claim because there was no evidence that Collins knew Z.R. generally carried a gun. ¶ 8 The trial court agreed with the prosecution. It found that while the proposed testimony demonstrated Z.R. generally carried a gun, it also supported the evidence that Z.R. did not have a gun on the day of the shooting. Further, the court found that there was no evidence that Collins knew of Z.R.’s habit or custom of carrying a gun. Thus, the trial court concluded that the evidence was not relevant to Collins’s self-defense claim and excluded the evidence. II. No Error in Excluded Reputation Evidence ¶ 9 Collins contends that the trial court erred when it excluded Z.R.’s brother’s testimony. Specifically, he argues that the brother’s testimony would have supported his self-defense claim and by 
4 excluding that evidence the trial court violated his constitutional right to present a defense. We disagree. A. Standard of Review ¶ 10 We review a trial court’s evidentiary rulings for an abuse of discretion. Zapata v. People, 2018 CO 82, ¶ 25. A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on an erroneous view of the law. People v. Elmarr, 2015 CO 53, ¶ 20. B. Applicable Legal Principles ¶ 11 Trial courts have broad discretion in determining the admissibility of evidence based on its relevance, probative value, and prejudicial impact. Id. Unless otherwise provided by constitution, statute, or rule, all relevant evidence is admissible; but, evidence that is not relevant is not admissible. CRE 402. Relevant evidence is evidence “having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” CRE 401. Relevant evidence may be excluded, however, “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading 
5 the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” CRE 403. ¶ 12 Whether evidence is relevant and probative can affect a criminal defendant’s constitutional right to present a defense. People v. Salazar, 2012 CO 20, ¶ 17. While the Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense, see Krutsinger v. People, 219 P.3d 1054, 1061 (Colo. 2009), the right to present a defense is not absolute as the Constitution requires only that the accused be permitted to introduce relevant and admissible evidence. People v. Rodriguez, 209 P.3d 1151, 1160 (Colo. App. 2008) (citing People v. Harris, 43 P.3d 221, 227 (Colo. 2002)). ¶ 13 As pertinent here, self-defense justifies the use of deadly physical force if the actor is defending himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by the alleged victim, and he (1) reasonably believed a lesser degree of force was inadequate, and (2) had a reasonable ground to believe, and did believe, that he or another person was in imminent danger of being killed or of receiving great bodily injury. § 18-1-704(1), (2), C.R.S. 2020. 
6 ¶ 14 Although character evidence is not generally admissible to prove conduct, a defendant claiming self-defense may put into evidence the victim’s reputation for violence. CRE 404(a)(2); People v. Jones, 675 P.2d 9, 17 (Colo. 1984) (when asserting self-defense, a defendant may use prior acts of violence of the victim, of which the defendant had knowledge, as direct evidence of the reasonableness of the defendant’s belief in the imminent use of unlawful physical force against him or her). However, evidence of past violent acts is relevant only if the defendant can establish that he had knowledge of those acts and acted on the basis of that knowledge. People v. Ibarra, 849 P.2d 33, 38-39 (Colo. 1993); People v. Marquantte, 923 P.2d 180, 184 (Colo. App. 1995) (concluding that the court did not err in excluding testimony about victims’ reputation for violence because there was no evidence that the defendant knew of the victims’ prior violent acts). Thus, if a defendant asserting a claim of self-defense did not, at the time of the offense, have actual knowledge of the victim’s particular character trait, evidence of such character is inadmissible under CRE 404(a)(2). See People v. Ferguson, 43 P.3d 705, 710 (Colo. App. 2001) (discussing admissibility of victim’s specific acts of violence). 
7 C. Analysis ¶ 15 Here, the proffered testimony from Z.R.’s brother was that Z.R. usually carried a gun with him. However, there was no evidence that Collins was aware that Z.R. usually carried a gun. Further, there was no evidence that Z.R. was carrying a gun on the day of the shooting and no gun was found in Z.R.’s possessions following the shooting. ¶ 16 While Collins admitted to the police that he did not see Z.R. pull a gun, he told them that he believed Z.R. was reaching for a gun because he saw him reaching into his waistband. Thus, the crucial issue related to Collins’s self-defense claim was whether Collins’s belief that Z.R. was reaching for a gun when he shot him was reasonable. See People v. Rodriguez, 888 P.2d 278, 286 (Colo. App. 1994) (“The touchstone of self-defense is whether, from the standpoint of the defendant, his belief that danger was imminent is reasonable.”). ¶ 17 However, because Collins was not aware that Z.R. generally carried a gun with him, the excluded evidence was not relevant to whether Collins reasonably believed he was in imminent danger. See Ibarra, 849 P.2d at 38-39; Jones, 675 P.2d at 17; Rodriguez, 
8 888 P.2d at 286-87 (because defendant was not aware of the victims’ “penchant for guns and violence[,]” the information defendant hoped to elicit about the victims’ habit was not relevant). ¶ 18 Moreover, Z.W. testified that he and Z.R. usually carried guns with them but that neither of them had a gun with them when Collins shot them. Thus, because evidence of Z.R.’s custom or habit of carrying a gun was before the jury, the brother’s testimony was cumulative of that other evidence. ¶ 19 Finally, contrary to Collins’s assertion, the exclusion of this evidence did not violate his constitutional right to present a defense because the evidence was not relevant. See Rodriguez, 209 P.3d at 1160. Despite the court excluding the brother’s testimony, the jury had before it (1) information that Z.R. generally carried a gun; (2) Collins’s statements to the police that he saw Z.R. with a gun the night before the shooting; and (3) an instruction on the affirmative defense of self-defense. And, during closing argument, defense counsel argued that: • Just because no gun was found in Z.R.’s possession or at the scene doesn’t mean that Collins’s belief that he thought Z.R. was reaching for a gun in his waistband 
9 was unreasonable because Collins had told police that he saw Z.R. with a gun the night before the shooting. • The police investigation was not thorough and Z.W. could have easily disposed of the weapon before the police arrived. ¶ 20 Thus, the exclusion of that evidence did not prevent Collins from presenting a defense. ¶ 21 Consequently, the trial court did not abuse its discretion in excluding the brother’s testimony about Z.R.’s custom or habit of carrying a gun. III. Conclusion ¶ 22 The judgment of conviction is affirmed. JUDGE ROMÁN and JUDGE YUN concur.