The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robert Lynn ROBERTS, Sr., Defendant-Appellant.

No. 85CA1411.

Colorado Court of Appeals, Div. I.

Dec. 24, 1986.

As Modified on Denial of Rehearing Feb. 12, 1987.

Certiorari Denied (People) June 15, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller, Makkai & Dowdle, Patrick D. Dowdle, Alexander J. Makkai, Jr., Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Robert Lynn Roberts, Sr., appeals from the judgment of conviction entered upon a jury verdict finding him guilty of aggravated incest upon his natural daughter. We reverse.

The sexual contact with which defendant was charged and convicted consisted of a single incident in which defendant allegedly approached his 17–year-old daughter while she was in the kitchen preparing dinner, and began to caress her breasts through her clothing. At trial, the daughter testified to the incident in the kitchen, and to numerous other incidents involving much more egregious contacts between her and her father, including petting, fellatio, and intercourse. She testified that these incidents of sexual contact had taken place fairly regularly for the past ten years. Defendant denied ever having had any sexual contact with his daughter.

Prior to trial, the district attorney moved the trial court to allow testimony by the daughter "concerning acts of sexual contact with defendant at times other than those charged in the information." The trial court granted the motion, stating as follows:

"The Court finds ... that this testimony would be admissible under the similar transactions to establish plan, scheme, design, and intent, with the limiting instructions to be given to the jury at the time the testimony is admitted as well as limiting instructions at the end of the case. The Court ... concludes that [the evidence] does have a valid purpose, is relevant to a material issue in the case, and has probative value that outweighs the prejudicial effect as to this Defendant, and the Court grants the District Attorney's motion for admission of this evidence."

Although the trial court stated its intention to limit the scope of evidence of other sexual contact between the defendant and his daughter, no limiting instruction was given to the jury, either at the time the evidence was offered, or at the close of the trial. Defense counsel failed to request a limiting instruction during the trial, and did not raise the issue in the motion for a new trial, motion for judgment of acquittal notwithstanding the verdict, or notice of appeal.

## I.

On appeal, defendant argues that the trial court's failure to give this limiting instruction constitutes plain error and requires reversal for a new trial. We agree.

■ Crim.P. 52(b) permits an appellate court to consider an alleged error which was not brought to the attention of the trial court, if the error affects the substantial rights of the defendant and is "plain error." *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978). "Plain error" means error both obvious and substantial, which seriously affects substantial rights of the accused. *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972).

■ Although admissibility of evidence of similar transactions is generally analyzed under *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959), in sexual assault cases this matter is controlled by § 16–10–301, C.R.S. (1986 Repl.Vol. 8A). *See People v. Opson*, 632 P.2d 602 (Colo.App.1980).

In a criminal prosecution for an unlawful sexual offense, the prosecution may "introduce evidence of other, similar acts or transactions of the defendant for the purpose of showing a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent." Section 16–10–301(1), C.R.S. (1986 Repl.Vol. 8A). However, in addition to determining that the evidence is relevant and that its evidentiary value outweighs its prejudicial effect, which the trial court did in this case, "[t]he trial court *shall*, at the time of the reception into evidence of similar acts or transactions and again in the general charge to the jury, direct the jury as to the limited purpose for which the evidence is admitted and for which the jury may consider it." Section 16–10–301(3), C.R.S. (1986 Repl.Vol. 8A) (emphasis added). This statutory language mandates that the trial court give the jury this limiting instruction. *People v. Montoya*, 703 P.2d 606 (Colo.App.1985); *People v. Opson, supra*.

Given the large number and the egregious nature of the other sexual contacts testified to by the daughter, the trial court's failure to instruct the jurors as to the limited purpose for which they could consider such evidence seriously prejudiced defendant's right to a fair trial on the charged offense. Thus, the trial court's failure to give such an instruction constitutes plain error. *See People v. Barker, supra*.

## II.

Because some of defendant's other alleged errors are likely to arise again on retrial, we address them here.

■ At trial, Deborah Williams, an expert witness in the area of guidance and counseling testified regarding counseling and therapy she had given to defendant's daughter after the alleged sexual assaults. Ms. Williams testified that defendant's daughter had a "very flat" tone of voice when she described the alleged abuse by her father and that this "flat affect" is often seen in sexually abused children, and can be explained as an attempt by the child to "get some emotional distance" from the event. Ms. Williams testified that the "flat affect" often occurs when "there's a sexual relationship going on with someone whom the victim trusted, either an adult in some nature, either an older brother, a father, a relative, and that ... relationship is very difficult to understand."

Although defense counsel failed to object to Ms. Williams' testimony during the trial, defendant now contends, relying upon *People v. Koon*, 713 P.2d 410 (Colo.App.1985), that Williams gave her opinion of the daughter's credibility in this specific instance and that the admission of her testimony was reversible error. We disagree.

In *People v. Koon, supra*, the court held: "In sexual assault situations, at least where the victim is a very young child, opinion testimony as to credibility of the child-victim is admitted if that testimony relates to general characteristics.... Such expert opinion is admitted because it may help the jury to make a more informed decision in evaluating the credibility of a testifying child, and not be misled, for example, by the child's delay in reporting the incident ... However, neither a lay nor expert witness may

give opinion testimony with respect to whether a witness is telling the truth on a specific occasion."

The testimony given by Ms. Williams supported the conclusion that the daughter was the victim of sexual abuse by someone she trusted. To this extent, this testimony bolstered the daughter's credibility. However, this testimony fell far short of being "opinion testimony with respect to whether a witness is telling the truth on a specific occasion." *People v. Koon, supra.* Therefore, admission of the testimony by Ms. Williams was not error. *See also Tevlin v. People,* 715 P.2d 338 (Colo.1986).

### III.

Defendant next contends that the court erred in refusing to allow testimony that his daughter had, on a prior occasion, falsely accused a former boyfriend of raping her.

■ The credibility of a victim in a sexual assault case may be attacked by showing that she has a history of making false accusations. Section 18–3–407(2), C.R.S. (1986 Repl.Vol. 8B); *People v. Wilson,* 678 P.2d 1024 (Colo.App.1983). The accusations, however, must be demonstrably false. *Little v. State,* 413 N.E.2d 639 (Ind. App.1980). When the court determines that such evidence is relevant, it possesses the authority to "prescribe the nature of the evidence or questions to be permitted." Section 18–3–407(2)(e), C.R.S., (1986 Repl. Vol. 8B); *People v. Wilson, supra.* In designing such limitations, the focus should be on the falsity of the allegation, and the court should not permit a full scale inquisition concerning previous charges of sexual misconduct. *People v. Wilson, supra; Little v. State, supra.* If, on retrial, the evidence meets these standards, the court should admit it.

### IV.

The remaining contention concerning the statute was not presented to the trial court or otherwise preserved for appellate review. *People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977).

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

SMITH and KELLY, JJ., concur.