The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William J. GARCIA, Defendant–
Appellant.

No. 96CA2108.

Colorado Court of Appeals,
Div. II.

Dec. 10, 1998.

Rehearing Denied Jan. 14, 1999.

Certiorari Denied July 26, 1999.*

* Justice SCOTT does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, William J. Garcia, appeals the judgment of conviction entered upon a jury verdict finding him guilty of possession of a controlled substance. We affirm.

Contraband was found in defendant's car when he was stopped for a traffic violation. Under the floor mat on the driver's side an officer found a syringe filled with a liquid that contained cocaine. Under the floor mat on the passenger side of the car the officer found a spoon with burn marks and a moist cotton ball, and under the front passenger seat the officer found some new syringes, a bottle of water, and a small piece of plastic with white residue on it. The officer testified that such implements could be used to ingest cocaine.

During the stop, defendant told an officer that all of the items found in the car belonged to him. Also, one of the officers noticed recent "track marks" on the defen-

dant's arms, while another officer testified that defendant's demeanor was consistent with someone who was under the influence of cocaine.

Testifying on his own behalf at trial, defendant acknowledged during direct examination that he had four prior felony convictions, including two for cocaine possession. And, he acknowledged that, during the stop, he had admitted ownership of the items. He testified, however, that the contraband items were not his, and that he did not know that they were in the car, nor did he know how they got there.

### I.

Defendant contends the trial court erred in not instructing the jury that his prior felony convictions could be used only to impeach his credibility, even though he did not request such an instruction. We find no reversible error.

### A.

Relying upon *People v. Garner*, 806 P.2d 366 (Colo.1991) and other cases that require a limiting instruction when "other transaction" evidence is admitted under CRE 404(b), defendant first asserts that the court's failure to give a limiting instruction concerning the use of his prior felony convictions was *per se* reversible error. We disagree.

When a criminal defendant testifies as a witness in his or her own behalf, he or she is subject to the general rules of examination applicable to other witnesses, including examination on matters that bear on credibility. *People v. Renstrom*, 657 P.2d 461 (Colo.App.1982).

A previous felony conviction of any person testifying as a witness may be shown for the purpose of affecting the credibility of that witness. Section 13–90–101, C.R.S.1998.

When evidence of a previous felony conviction is introduced to impeach the credibility of a testifying defendant, a limiting instruction should be given. *See People v. Goldsberry*, 181 Colo. 406, 509 P.2d 801 (1973). Such an instruction informs the jury that the conviction may be used only to im-

peach the defendant's credibility. *See People v. Chavez*, 853 P.2d 1149 (Colo.1993).

Similarly, in cases involving other transaction evidence admitted under CRE 404(b), evidence that the accused committed some other crime is not admissible to prove that he or she acted in conformity with that character or character trait in committing the crime charged. Rather, it may be admitted, if otherwise relevant, for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Thus, an instruction limiting the use of the evidence to that latter purpose should be given. *See People v. Garner, supra.*

However, when a limiting instruction is not requested for other transaction evidence, it is not *per se* reversible error to fail to give one. *See People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977).

Here, because defendant did not request an instruction regarding the permissible use of his convictions by the jury at the time the evidence was introduced, or at the conclusion of the trial, we reject his contention that reversible error *per se* occurred. *See People v. Gladney, supra; People v. Ned*, 923 P.2d 271 (Colo.App.1996) (because defendant did not request cautionary instruction, no reversible error occurred when trial court admitted evidence concerning prior bad acts).

### B.

We reject defendant's corollary contention that, because a trial court's failure properly to advise a defendant regarding the right to testify constitutes reversible error *per se, see People v. Curtis*, 681 P.2d 504 (Colo.1984), a trial court's failure to instruct the jury concerning use of previous felony convictions must also merit automatic reversal.

In our view, *Curtis* does not require a trial court, *sua sponte*, to give instructions to the jury absent a defendant's request therefor. *See People v. Curtis, supra*, 681 P.2d at 514 ("if the felony conviction is disclosed to the jury then the jury *can* be instructed to consider it only as it bears upon the defendant's credibility" (emphasis supplied)).

Indeed, there may be strategic or tactical reasons for a defendant's choice not to request a limiting instruction. *See People v. Gladney, supra* (a defense attorney has an opportunity to consider and determine in advance whether it is in the defendant's best interest to request a contemporaneous cautionary instruction, and may conclude that such an instruction would be more harmful than beneficial, for example, by giving the evidence greater emphasis than it would otherwise receive). *Cf. Hansen v. State Farm Mutual Automobile Insurance Co.*, 957 P.2d 1380 (Colo.1998) (trial court's general duty to instruct on the law cannot be construed to require it to craft appropriate instructions when party's counsel declines to do so).

### C.

We also reject defendant's related argument that the trial court's failure to instruct the jury concerning the limited use of the prior convictions constituted a breach of the trial court's "promise" to do so as embodied in the *Curtis* advisement, thereby constituting a violation of his due process rights.

Here, during the *Curtis* advisement, the trial court stated, in part:

> If the felony convictions are disclosed to the jury, then the jury would be instructed to consider any convictions only, and I emphasize only, as it bears upon your credibility and for no other purpose.

■ In our view, a *Curtis* advisement should not be construed as a promise to give an instruction limiting a jury's consideration of previous convictions. Rather, it is an advisement of defendant's right to testify that also functions to draw a defendant's attention to his or her right to request that a limiting instruction be given. But, a defendant cannot take this simple advisement to mean that he or she is excused from following proper procedure and excused from making a request for such an instruction.

We accordingly reject defendant's due process claims. For the same reasons, we reject defendant's contention that his testimony was rendered involuntary because of the trial court's failure to give such an instruction.

### D.

Assuming, without deciding, that a plain error analysis is applicable here, we reject the contention that the alleged failure to instruct the jury constitutes plain error.

■ The failure of defense counsel to object to an instruction given, or the failure to request an instruction at trial, limits a defendant's claim on appeal to whether the alleged error constitutes plain error. *Woertman v. People*, 804 P.2d 188 (Colo.1991).

■ Plain error occurs when, after review of the entire record, we can say with fair assurance that the asserted error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987);*see also Woertman v. People, supra* (instructional error that is not objected to is subject to plain error analysis).

■ Here, there was evidence that the contraband was found under the front seat and floormats of defendant's car while he was driving it, that defendant's demeanor was consistent with that of a person who was under the influence of cocaine, that he had recent track marks on his arms, and that, during the stop, he admitted that the contraband belonged to him.

In light of the overwhelming evidence presented by the prosecution, the failure to give a limiting instruction concerning use of the previous convictions did not constitute plain error.

### II.

Defendant next contends that his conviction must be reversed because the prosecution presented evidence of "old track marks," and because he contends the court failed to issue a limiting instruction when this evidence was presented. We disagree.

Defendant did not object to admission of the evidence he now challenges. Hence, reversal is required only if the trial court's rulings may be characterized as plain error. *See People v. Card*, 42 Colo.App. 259, 596 P.2d 402 (1979).

■ Here, in light of the strong case presented by the prosecution, including evidence

that defendant was using cocaine at or just prior to the time he was stopped, and in view of defendant's own admission during his testimony that he had been injecting cocaine for many years, no plain error occurred. *See Merritt v. People*, 842 P.2d 162 (Colo.1992).

Further, contrary to defendant's contention on appeal, the court did issue an instruction informing the jury of the limited purpose for which that evidence could be used.

Accordingly, we reject defendant's contention.

## III.

We also reject defendant's next contention that the court abused its discretion in denying his pretrial motion requesting funds to hire an expert concerning window tinting and to rent a video camera.

■ Under §18–1–403, C.R.S.1998, an indigent defendant is entitled to legal representation and supporting services at state expense. *See People v. Tafoya*, 703 P.2d 663 (Colo.App.1985) (a defendant is entitled to the basic tools of an adequate defense).

■ Granting or denying a motion for supporting services to an indigent defendant lies within the sound discretion of the trial court. *Brown v. District Court*, 189 Colo. 469, 541 P.2d 1248 (1975). An abuse of discretion occurs only when the court's decision to exclude the evidence is manifestly arbitrary, unreasonable, or unfair. *People v. McCoy*, 944 P.2d 584 (Colo.App.1996).

■ To succeed, the motion must demonstrate a particularized and reasonable need for the services and the unavailability of alternative means to fulfill those necessary functions. *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976).

Here, the search of the car was based in part on furtive conduct that led the officer to believe that the occupants might have a weapon. At a suppression hearing, the officer testified that he saw this movement through the vehicle's rear windshield as he followed the vehicle. Defendant, in contrast, contended that the tint on his rear windshield was so dark that the officer could not possibly have seen anything through the window.

■ Although the motion concluded that, without the expert and the camera, defendant was unable effectively to defend the case or to challenge the credibility of the officer, it failed to show that the relevant facts could not have been obtained through alternative means, such as photos of a re-creation of the scene. Indeed, defendant introduced four photographs of the vehicle at the suppression hearing and had the services of a private investigator who took two other photographs of the vehicle and testified at trial concerning her ability to see through the tinted windows.

We perceive no abuse of discretion in the trial court's ruling.

## IV.

Defendant also contends that the court erred in denying his motions to have the court (prior to the suppression hearing), and the jury (at trial) view the vehicle. We disagree.

■ Whether to view, or have the jury view, an object lies within the discretion of the trial court. *People v. Favors*, 192 Colo. 136, 556 P.2d 72 (1976).

■ Here, at the suppression hearing, the trial court had four photos of the vehicle. Further, the court credited the officer's testimony to the effect that he saw two "shadows" through the rear windshield. Although defendant's motion for the court to view the vehicle alleged that a viewing was relevant to this issue, the same information could have been obtained through other means, such as the photographs.

Under these circumstances, the court did not abuse its discretion in denying the request to view the vehicle.

For the same reasons, the court did not abuse its discretion in denying the motion to have the jury view the car.

Judgment affirmed.

Judge CRISWELL and Judge VOGT concur.