The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Hubert UNDERWOOD, Defendant–Appellant.

No. 00CA1367.

Colorado Court of Appeals, Div. I.

March 14, 2002.

Certiorari Denied Sept. 9, 2002. *

---

* Justice COATS does not participate.

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Forrest W. Lewis, P.C., Forrest W. Lewis, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Hubert Underwood, appeals the judgment of conviction entered on a jury verdict finding him guilty of aggravated incest and sexual assault on a child by one in a position of trust. We affirm.

At trial, the prosecution presented evidence that one morning, while defendant's sixteen-year-old daughter (the victim) was sleeping, defendant entered her room and "laid down beside" her. He asked if she wanted a back massage, and although she said no, he proceeded to rub her back. He then moved his hands near her breasts, removed her pants, and forced her to have sexual intercourse with him.

## I. Exclusion of Evidence

Defendant first contends the trial court abused its discretion by precluding cross-examination of the victim about a miscarriage she had had after the offense occurred, but before she had reported it to police. The trial court disallowed such evidence under CRE 403, reasoning that it might make the victim appear promiscuous and was unfairly prejudicial to the prosecution. We perceive no abuse of discretion.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." CRE 403.

The trial court's decision to exclude evidence under this rule will not be overturned absent an abuse of discretion and prejudice to the defendant. *People v. Gibbens,* 905 P.2d 604 (Colo.1995). An abuse of discretion in this context does not occur unless the trial court's ruling was manifestly arbitrary, unreasonable, or unfair. *See People v. Dunlap,* 975 P.2d 723 (Colo.1999).

Here, there was evidence that after the charged incident, the victim's grades at school dropped markedly, and she began cutting her arms and pulling her hair. The prosecution's theory was that defendant's actions had caused this erratic behavior.

Defense counsel cross-examined the victim regarding several other traumatic events in her life to establish there were reasons, apart from the charged incident, for her erratic behavior. The defense elicited evidence from the victim that: (1) she had been pregnant and had had an abortion; (2) she had had an operation to remove a kidney; (3) she had been fighting with her mother; and (4) she had broken up with three boyfriends.

Because these events, individually and collectively, made defendant's point clear, we conclude the trial court's ruling disallowing evidence of the victim's miscarriage did not violate CRE 403. There is no indication the court's ruling hampered the presentation of defendant's theory or prejudiced him, and the court had well-founded concerns that evidence of the victim's miscarriage may have made her appear promiscuous and would have been unduly prejudicial by diverting the jury's attention from the real issues in the case.

We therefore conclude the trial court did not abuse its discretion in determining the

probative value of the miscarriage evidence was substantially outweighed by the danger of unfair prejudice to the prosecution, and in disallowing this evidence. *See People v. Delgado,* 890 P.2d 141 (Colo.App.1994).

## II. Child Hearsay

■ Defendant next contends the trial court abused its discretion in allowing the victim's mother and a mental health expert to testify about statements made by the victim. We disagree.

As relevant here, § 13–25–129(1)(a) and (b)(I), C.R.S.2001, allows for the admission of child hearsay statements in sexual offense cases if "[t]he court finds ... that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and [t]he child ... [t]estifies at the proceedings."

The following factors offer the trial court guidance in determining the admissibility of child hearsay statements:

(1) Whether the statement was made spontaneously;

(2) whether the statement was made while the child was still upset or in pain from the alleged abuse;

(3) whether the language of the statement was likely to have been used by a child the age of the declarant;

(4) whether the allegation was made in response to a leading question;

(5) whether either the child or the hearsay witness had any bias against the defendant or any motive for lying;

(6) whether any other event occurred between the time of the abuse and the time of the statement which could account for the contents of the statement;

(7) whether more than one person heard the statement; and

(8) the general character of the child.

*People v. District Court,* 776 P.2d 1083, 1089–90 (Colo.1989).

■ The trial court's decision to admit child hearsay statements will not be overturned absent an abuse of discretion. *People v. Hansen,* 920 P.2d 831 (Colo.App.1995).

According to the evidence presented at trial, the victim and her mother began arguing while driving back from a doctor's appointment. The mother asked the victim what was causing her erratic behavior, and the victim reported that defendant had touched her intimately. The mother immediately drove to the emergency room of a nearby hospital where the victim told a therapist that defendant had forced her to have sexual intercourse with him.

At trial, both the mother and the therapist were called to testify about the victim's statements. The trial found the victim's statement to her mother was reliable and was an "outcry" made by the victim while explaining "her depression and behavior and mood swings."

We conclude the trial court did not abuse its discretion in admitting this testimony. While the victim's statement to her mother was made in response to questioning, the mother's questions were not leading. The charged incident occurred approximately a year before the victim made this statement, and other stressful events had intervened. However, there was evidence the victim was still very upset over the incident with defendant, and no evidence suggested she had a motive to accuse him falsely.

Defendant's sole objection to the testimony of the therapist was that the victim's statement to her mother "tainted" her later statement to the therapist. But, because we conclude the trial court did not abuse its discretion in admitting the victim's statement to her mother, we reject this related contention.

## III. Similar Transaction Evidence

Defendant next contends the trial court erred in admitting testimony of other acts committed by him as similar transaction evidence. He maintains that such evidence did not satisfy § 16–10–301, C.R.S.2001, or CRE 404(b), and that the court's failure to give a contemporaneous limiting instruction as to certain testimony was plain error requiring reversal. We are not persuaded.

## A. Standard for Admitting Other Acts Evidence

Section 16–10–301 and CRE 404(b) govern the admission of similar transaction evidence in sexual offense cases. *People v. Martinez*, 36 P.3d 154 (Colo.App.2001).

The legislative declaration of § 16–10–301 states "that such evidence of other sexual acts is typically relevant and highly probative, and it is expected that normally the probative value of such evidence will outweigh any danger of unfair prejudice, even when incidents are remote from one another in time." Section 16–10–301(1), C.R.S.2001.

Section 16–10–301(3) provides in relevant part:

The prosecution may introduce evidence of other acts of the defendant to prove the commission of the offense as charged for any purpose other than propensity, including: Refuting defenses, such as ... recent fabrication; showing a common plan, scheme, design, or modus operandi, regardless of whether identity is at issue and regardless of whether the charged offense has a close nexus as part of a unified transaction to the other act; [or] showing motive, opportunity, [or] intent. . . .

Section 16–10–301(4) provides the procedures that apply when the prosecution introduces such evidence:

(a) The prosecution shall advise the trial court and the defendant in advance of trial of the other act or acts and the purpose or purposes for which the evidence is offered.

(b) The trial court shall determine by a preponderance of the evidence whether the other act occurred and whether the purpose is proper under the broad inclusionary expectations of this section.

(c) The evidence of other acts may not be admitted until the trial court finds that the prosecution has by evidence or offer of proof established a prima facie case for the charged offense.

(d) The trial court shall, at the time of the reception into evidence of other acts and again in the general charge to the jury, direct the jury as to the limited purpose or purposes for which the evidence is admitted and for which the jury may consider it.

In order to introduce evidence of other sexual acts committed by the defendant, the prosecution also must satisfy CRE 404(b) and the four-part test established in *People v. Spoto*, 795 P.2d 1314 (Colo.1990). *See People v. Martinez, supra.* CRE 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ The *Spoto* test requires that: (1) the proffered evidence relate to a material fact; (2) the evidence be logically relevant; (3) the logical relevance be independent of the intermediate inference, prohibited by CRE 404(b), that the defendant has a bad character and acted in conformity with such bad character; and (4) the probative value of the evidence not be substantially outweighed by the danger of unfair prejudice. *People v. Spoto, supra.*

## B. Other Daughter's Testimony

■ Defendant next contends the trial court abused its discretion by allowing another one of his daughters (the other daughter) to testify about an incident three years before the charged offense in which he forced the other daughter to have sexual intercourse with him. The other daughter testified that defendant entered her bedroom, started rubbing her back and sides, removed her shorts, and had intercourse with her. The circumstances were remarkably similar to those involving the victim. However, defendant contends this evidence was not logically relevant independent of the inference that he has a bad character. We disagree.

■ Whether to admit such evidence was within the sound discretion of the trial court, *People v. Madrid*, 908 P.2d 1167 (Colo.App. 1995), and the admission of such evidence will be upheld absent an abuse of discretion. *People v. Snyder*, 874 P.2d 1076 (Colo.1994).

The trial court allowed the other daughter to testify about the incident with defendant because it showed a common scheme or plan and modus operandi, which are permissible purposes under § 16–10–301(3) and CRE 404(b). Its remoteness did not undermine its relevancy for these purposes. *See* § 16–10–301(1); *People v. Janes,* 942 P.2d 1331 (Colo. App.1997). Thus, because this testimony demonstrated how defendant had performed sexual acts with his daughters, it was logically relevant independent of the prohibited inference that defendant acted in conformity with his bad character during the act charged.

We therefore reject defendant's contention that the trial court abused its discretion in admitting the other daughter's testimony.

### C. Motel Incident

■ Defendant next contends the trial court abused its discretion in allowing the victim and another witness (a former boyfriend of the victim) to testify about defendant's actions at a motel with the victim three and a half years before the charged incident. Defendant maintains that such evidence did not meet the foundational requirements of § 16–10–301(4) and therefore was improperly admitted. We are not persuaded.

As to that incident, the victim testified that in the morning, defendant had asked her for a back rub and that he also gave her one. She further testified that defendant had told her she "was growing up to be a great girl and a grown woman," and he had moved his hands toward her breasts before she moved away from him.

The prosecution notified the trial court and defendant of its intention to introduce such evidence and also disclosed in its notice that the victim had told a former boyfriend about this incident. The victim's former boyfriend did not have personal knowledge of the motel incident, but he was allowed to testify she had told him shortly after the incident that defendant had massaged her back, that he "began to grope her breasts," and that he commented on how she "was becoming a woman." Thus, the boyfriend's testimony about what the victim told him is more properly analyzed under § 13–25–129, the hear-say exception allowing the admission of the statements of a child victim of a sexual offense, rather than under § 16–10–301. However, we reach the same conclusion using either analysis.

The prosecution's stated purpose for admitting this evidence was to show res gestae, intent, knowledge, absence of mistake or accident, common plan, scheme, design, and modus operandi, and to rebut defendant's possible defense of recent fabrication. This notice satisfied the requirements of § 16–10–301(4)(a).

Over defendant's objection, the trial court found the motel incident was a similar transaction and admitted the evidence under § 16–10–301 and also as part of the res gestae. While the court did not specifically determine whether the purpose in admitting the evidence was proper, it found, and we agree, the earlier incident was similar to the charged incident to the extent that defendant initiated contact both times by giving the victim back rubs in the morning. This evidence suggested a common scheme or plan by defendant in initiating sexual contact and was evidence of his modus operandi. Those purposes were proper under § 16–10–301(3) and (4)(b).

The trial court also did not determine whether the other act had occurred and whether the prosecution established a prima facie case for the charged offense as required by § 16–10–301(4)(b) and (c). However, the prosecution's offer of proof detailed the motel incident and the charged offense sufficiently to meet these requirements.

We reject defendant's related contention that the motel incident was not sufficiently similar to the charged offense and failed to satisfy the *Spoto* test. Although the trial court did not determine the admissibility of this evidence under *Spoto,* we conclude the evidence of the motel incident was sufficiently similar and met the requirements of *Spoto.* *See People v. Martinez, supra.*

Because it demonstrated a common scheme or plan and modus operandi, evidence that defendant rubbed the victim's back at the motel related to a material fact, that is, whether defendant actually commit-

ted the charged act with the requisite knowledge. The evidence also was logically relevant because it made it more probable that defendant committed the charged act than without this evidence. Further, the testimony concerning the motel incident showed a pattern in the manner in which defendant initiated contact with the victim, and the logical relevance of the evidence therefore was independent of any inference that defendant was a person of bad character.

■ Nor do we agree with defendant that the probative value of this evidence was substantially outweighed by its prejudicial effect. The victim and her former boyfriend did not describe the incident in great detail and the victim's description of the motel incident was relatively minor, especially in comparison to her testimony in support of the charged offense that defendant had forced her to have sexual intercourse with him.

We therefore perceive no abuse of discretion by the trial court in allowing the testimony about the motel incident.

### D. Failure to Give a Limiting Instruction

■ Relying on *People v. Roberts*, 738 P.2d 380 (Colo.App.1986), defendant next contends the trial court erred in failing to give the jury a contemporaneous instruction, pursuant to § 16–10–301(4)(d), explaining the limited purpose for which the jury could consider the motel incident testimony. We agree the trial court erred, but conclude reversal is not required.

Because defendant failed to object when the victim and the former boyfriend testified regarding the motel incident and failed to request a limiting instruction, we analyze this issue under the plain error standard of review. *See People v. Garcia*, 981 P.2d 214 (Colo.App.1998); *see also* Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

■ Under this standard of review, we will reverse only if the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Walker v. People*, 932 P.2d 303 (Colo.1997). As the supreme

court explained in *People v. Wilson*, 838 P.2d 284, 290 (Colo.1992):

> While the results of these cases turn on their particular facts, each decision echoes a common theme that is consistent with our plain-error standard of review—namely, that plain error will be found only if we can say with fair assurance that the trial court's failure to give the statutory cautionary instruction so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction.

In *People v. Roberts, supra,* the defendant was convicted of aggravated incest. The unlawful sexual contact consisted of an incident in which he allegedly had caressed his daughter's breasts through her clothes. Pursuant to § 16–10–301, the prosecution was permitted to introduce the daughter's testimony about a number of uncharged sexual acts, including petting, fellatio, and intercourse, to which the defendant had subjected her over the course of ten years.

A panel of this court ordered a new trial, concluding the trial court had committed plain error under § 16–10–301 by failing to give a limiting instruction at any time during the trial. The panel reasoned that, "[g]iven the large number and the egregious nature of the other sexual contacts testified to by the daughter, the trial court's failure to instruct the jurors as to the limited purpose for which they could consider such evidence seriously prejudiced defendant's right to a fair trial on the charged offense." *People v. Roberts, supra,* 738 P.2d at 382.

We conclude the circumstances here are distinguishable from those in *Roberts.* The evidence of defendant's conduct at the motel was relatively minor when compared to the other evidence that he had forced both of his daughters to have sexual intercourse with him. Although the victim's former boyfriend recalled that she had told him defendant "groped" her breasts at the motel, the victim's own testimony regarding the incident was that defendant had massaged her back and moved his hands near her breasts without touching them.

Further, while *Roberts* recognized the trial court's duty to give a contemporaneous limiting instruction under § 16–10–301(4), it did not establish a per se rule requiring automatic reversal upon the court's failure to do so, in the absence of any objection by counsel. The plain error cases continue to "turn on their particular facts." *People v. Wilson, supra*, 838 P.2d at 290; *see also People v. Opson*, 632 P.2d 602, 605 (Colo.App.1980) (because § 16–10–301 contains "mandatory rather than merely directory language," trial court did not err in giving limiting instruction over defendant's objection).

In *People v. McClure*, 779 P.2d 864 (Colo. 1989), the supreme court cited *Roberts* as partial support for its conclusion that the trial court committed plain error by failing to give a limiting instruction before admitting testimony under § 13–25–129, the child hearsay statute.

However, in *People v. Wilson, supra*, the supreme court emphasized that *McClure* was not a per se rule requiring automatic reversal, and it disapproved a narrower interpretation of *McClure* by a panel of this court. The supreme court stated: *"McClure* should not be read for the proposition that a trial court's failure to give the statutory cautionary instruction [required by § 13–25–129(2)] will always constitute plain error." *People v. Wilson, supra*, 838 P.2d at 290; *see People v. Diefenderfer*, 784 P.2d 741 (Colo.1989) (clarifying that *McClure* was a fact specific decision).

After analyzing the particular facts presented in *Wilson*, the supreme court concluded—contrary to the determination of a panel of this court—that there was no plain error. The *Wilson* court analyzed the facts in earlier cases such as *McClure*, and focused on a number of relevant factors. Those factors included: the number of witnesses testifying; the credentials of the witnesses as experts; concern that the jury might give increased weight to the expert testimony; the bolstering effect of the testimony upon the credibility of the child victim; and whether the trial court gave a cautionary instruction in its general charge to the jury and supplemented it with an instruction on the credibility of witnesses.

In an analogous context, divisions of this court have considered alleged instructional errors regarding the admission of similar transaction evidence under CRE 404(b). The divisions have acknowledged the trial court's duty to give a contemporaneous limiting instruction when evidence of a prior conviction or similar transaction is admitted. Nevertheless, after examining the particular facts presented, the divisions have consistently concluded the trial court's failure to give such an instruction did not automatically require reversal under the plain error standard. *See People v. Garcia, supra* (trial court's failure to give limiting instruction before admitting evidence of previous convictions not plain error); *People v. Harris*, 892 P.2d 378 (Colo.App.1994) (failure to give limiting instruction before admitting evidence of co-conspirator's prior convictions not plain error); *People v. Taylor*, 804 P.2d 196 (Colo. App.1990) (where the defendant was charged with multiple counts of arson, trial court's failure to give limiting instruction before admitting evidence concerning each count charged not plain error); *People v. Lucero*, 724 P.2d 1374 (Colo.App.1986) (in child sexual assault case, failure to give limiting instruction before admitting evidence of similar transaction not plain error); *see also People v. Gladney*, 194 Colo. 68, 72, 570 P.2d 231, 233 (1977) (supreme court agreed "it would have been the better practice" to instruct the jury regarding the limited purpose of the evidence at the time it was admitted, but concluded that failure to do so did not constitute plain error).

While these decisions were analyzed in the context of § 13–25–129 or CRE 404(b), they offer some guidance with respect to the harmful effect of the testimony regarding the motel incident admitted here pursuant to § 16–10–301. As to that incident, only two witnesses testified for the prosecution, and only the victim had personal knowledge of what had occurred. She was not offered as an expert and her testimony about the event was very brief, especially when compared to the evidence of the charged offense.

Further, in its final charge to the jury, the trial court gave an instruction that substantially tracked the pattern jury instruction on

similar transaction evidence. *See* CJI–Crim. 4:02 (1983). While that instruction referred back to the court's earlier limiting instruction given when the other daughter testified, the trial court also gave the standard instruction regarding the credibility of witnesses and instructed the jury that "[t]he defendant cannot be tried or convicted of any act not charged in the information." The information charged conduct that occurred in Colorado between December 1 and 31, 1997, whereas the motel incident had occurred in Texas over three years earlier. Thus, it is highly unlikely that the jury in this case was confused or that it construed the court's final limiting instruction as a reference solely to the other daughter's testimony.

In summary, we agree with defendant—and the People concede—the trial court should have given a limiting instruction before allowing testimony concerning the motel incident. However, we cannot say with fair assurance the trial court's failure to give the limiting instruction so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. Accordingly, we conclude there was no plain error and reversal is not required.

Judgment affirmed.

Judge METZGER and Judge KAPELKE concur.