The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jonathan Lynn MULLINS,
Defendant–Appellant.

No. 06CA2092.

Colorado Court of Appeals,
Div. V.

Dec. 11, 2008.

Rehearing Denied Feb. 19, 2009.

Certiorari Denied June 29, 2009.

John W. Suthers, Attorney General, Alexander C. Reinhardt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Jonathan Lynn Mullins, appeals the judgment of conviction entered upon jury verdicts finding him guilty of inciting a riot and engaging in a riot. We reverse the convictions and remand the case for further proceedings.

I.

On August 8, 2004, defendant and a friend, Michael Hutson, were driving to defendant's mother's house and passed a car. The driver of the other car, thinking that defendant had cut him off, followed defendant to the house. There, the occupants of the other car, brothers Hector, Enrique, and Andres Soto, confronted defendant and his passenger and beat them.

Defendant's mother and sister witnessed the assault but did not call the police because they could not read the license plate number of the car before it left. Before the car got away, defendant took a baseball bat out of his trunk and struck the other car, breaking a window.

The occupants of the other car went to a family gathering in a nearby park. Defendant's brother saw the car driving by his shop on the way to the park and called his mother to report the sighting.

The events from this point leading up to the victim's injury are disputed.

According to the prosecution's evidence, defendant, his brother, Michael Hutson, Gilbert Garcia, and others arrived at the park in several cars. They got out of the cars to confront the people who had beaten them earlier. Defendant threw the first punch and a fight broke out.

Mario Flores–Marquez, the victim, tried to calm the situation. Defendant hit the victim in the head with a weapon, causing severe brain injury.

Defendant's witnesses testified that defendant went to the park to obtain the license plate number of the car. When he parked, the people at the party confronted him, yelling and with clenched fists. Defendant's brother testified that he did not go with defendant to the park but came a few minutes later because he was concerned for his brother's safety. When he arrived, he saw defendant surrounded by other people.

The first punch was thrown by defendant, who hit Hector Soto because he appeared about to hit defendant's brother. A fight broke out and Gilbert Garcia was knocked to the ground by a weapon. Defendant's broth-

er was stabbed in the leg and pinned to the ground by two men. Defendant ran to his car, retrieved his bat, and swung it, hitting Flores–Marquez in the head and knocking him off his brother.

Defendant was charged with first degree assault with a deadly weapon. At trial, the prosecution requested that the jury be instructed on the lesser included offense of second degree assault. Defendant requested that the jury be instructed concerning the lesser nonincluded offenses of disorderly conduct, menacing, inciting a riot, and engaging in a riot. Defendant also tendered several self-defense instructions.

The trial court instructed the jury that self-defense is an affirmative defense to the offenses of first degree assault, menacing, and disorderly conduct. However, the court found that the affirmative defense of self-defense does not apply to inciting or engaging in a riot. Consequently, the court instructed the jury that it could consider evidence of self-defense in determining whether defendant incited or engaged in a riot, but that self-defense was not an affirmative defense that the prosecution was required to disprove beyond a reasonable doubt.

The jury convicted defendant of inciting a riot and engaging in a riot and acquitted him of the other offenses. The trial court sentenced him to concurrent terms of three years in the Department of Corrections on each offense.

## II.

Defendant contends that the trial court failed to properly instruct the jury concerning self-defense. More particularly, he asserts that the court erred in instructing the jury that it could consider evidence of self-defense in determining whether defendant incited or engaged in a riot, but that, regarding those offenses, self-defense was not an affirmative defense which the prosecution had to disprove beyond a reasonable doubt. We agree.

■ "It is the duty of the trial court to instruct the jury properly on all matters of law." *People v. Phillips,* 91 P.3d 476, 480 (Colo.App.2004).

■ In analyzing the issues here, we begin by distinguishing between two types of defenses in criminal cases. One type of defense involves circumstances which negate an element of the crime charged, while the other, known as an affirmative defense, involves circumstances which do not negate an element of the offense but seek to justify, excuse, or mitigate the commission of the offense. *See People v. Miller,* 113 P.3d 743, 750 (Colo.2005); *People v. Huckleberry,* 768 P.2d 1235, 1238–39 (Colo.1989).

If the evidence raises an issue of an affirmative defense, "then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense." § 18–1–407(2), C.R.S.2008.

As regards self-defense, under section 18–1–704(1), C.R.S.2008, ordinarily

a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

■ Evidence of self-defense may support an affirmative defense to specific or general intent crimes. *People v. Fink,* 194 Colo. 516, 518, 574 P.2d 81, 83 (1978); *People v. Roberts,* 983 P.2d 11, 13 (Colo.App.1998). However, a defendant charged with a crime involving the mental states of recklessness or criminal negligence may also present evidence of self-defense, not because it is an affirmative defense to such crimes, but because "[s]uch evidence may be considered by the jury in its determination whether the defendant was acting recklessly or in a criminally negligent manner." *Fink,* 194 Colo. at 519, 574 P.2d at 83.

Section 18–1–704(4), C.R.S.2008, addresses this latter scenario:

In a case in which the defendant is not entitled to a jury instruction regarding self-defense as an affirmative defense, the court shall allow the defendant to present evidence, when relevant, that he or she

was acting in self-defense. If the defendant presents evidence of self-defense, the court shall instruct the jury with a self-defense law instruction. The court shall instruct the jury that it may consider the evidence of self-defense in determining whether the defendant acted recklessly, with extreme indifference, or in a criminally negligent manner. However, the self-defense law instruction shall not be an affirmative defense instruction and the prosecuting attorney shall not have the burden of disproving self-defense. This section shall not apply to strict liability crimes.

A person incites a riot if he or she "[i]ncites or urges a group of five or more persons to engage in a current or impending riot." § 18–9–102(1)(a), C.R.S.2008. "A person commits an offense if he or she engages in a riot." § 18–9–104(1), C.R.S.2008. As pertinent here, a "riot" is "a public disturbance involving an assemblage of three or more persons which by tumultuous and violent conduct creates grave danger of damage or injury to property or persons." § 18–9–101(2), C.R.S.2008.

■ The mental state "knowingly" is implied in the statute and required for the offense of engaging in a riot. *People v. Bridges,* 620 P.2d 1, 3 (Colo.1980). Logically, the same, or even higher, mental state (i.e., intentionally) would apply to the offense of inciting others to engage in a riot.

■ Evidence of self-defense would not tend to negate this or any other element of the two riot offenses. This follows because whether one acted reasonably to defend oneself is a circumstance wholly separate and apart from whether (as required for the offense) that person knowingly incited or engaged with others in a violent public disturbance.

■ Nevertheless, evidence of self-defense would support an affirmative defense, that is, that a defendant is justified in otherwise committing the elements of the two charged offenses for the reasons set forth in section 18–1–704(1).

■ We note that, under certain circumstances, a defendant cannot rely, in any fashion, on notions of self-defense, i.e., where (1) the defendant provokes the use of unlawful physical force by another; (2) the defendant is the initial aggressor (unless he or she first withdraws from the encounter and effectively communicates that withdrawal); or (3) the physical force involved is the result of a combat by agreement unauthorized by law. *See* § 18–1–704(3), C.R.S.2008.

■ Because in this case the evidence of these circumstances was disputed, defendant was entitled to have the jury instructed on self-defense as an affirmative defense that must be disproved by the prosecution beyond a reasonable doubt. *See State v. McMinn,* 141 N.H. 636, 690 A.2d 1017, 1022–24 (1997) (evidence that defendant acted, throughout altercation, under reasonable belief that his conduct was necessary to defend himself required court in riot case to instruct jury on statutory defense of self-defense, which prosecution had burden of disproving).

In so concluding, we necessarily reject the People's reliance on *Trujillo v. People,* 116 Colo. 157, 162–63, 178 P.2d 942, 944–45 (1946). In *Trujillo,* the supreme court affirmed a self-defense instruction that included the limitation that if the defendant was not participating in any riot, he had a right to defend himself. Although the People argue that the approval of such language precludes the use of self-defense as a defense to a rioting offense, the *Trujillo* court did give a self-defense instruction as to the charged offense of rioting, and no issue was raised as to whether self-defense was merely a defense or an affirmative defense.

Having determined that the trial court erred in not instructing the jury on self-defense as an affirmative defense to the two charges, we must now determine whether that error warrants reversal.

■ Where, over the defendant's objection, the trial court·erroneously instructs the jury in a manner which relieves the prosecution of its burden of proof with respect to an affirmative defense, reversal is required unless we can say "with fair assurance that, in light of the entire record, the error did not substantially influence the verdict or impair

the fairness of the trial." *Lybarger v. People*, 807 P.2d 570, 581, 583 (Colo.1991). Under this standard, an error will be disregarded unless there is a reasonable probability that the error contributed to the defendant's conviction. *See generally Salcedo v. People*, 999 P.2d 833, 841 (Colo.2000) (discussing standard in context of evidentiary error); *see also People v. Garcia*, 28 P.3d 340, 344, 348 (Colo.2001) (using this standard in evaluating instructional error regarding self-defense principles).

Here, the self-defense instruction given by the trial court removed the burden of disproving self-defense from the prosecution. And, because the jury acquitted defendant of the offenses for which it was properly instructed on the burden of proof with respect to self-defense, we conclude it is reasonably probable that the court's erroneous instruction contributed to defendant's convictions. *See Garcia*, 28 P.3d at 348; *cf. People v. Kanan*, 186 Colo. 255, 259, 526 P.2d 1339, 1341 (1974) ("Prejudice to the defendant is inevitable when the court instructs the jury in such a way as to reduce the prosecution's obligation to prove each element of its case beyond a reasonable doubt.").

Thus, we reverse the convictions and remand for a new trial. If evidence of self-defense is again presented at trial, the trial court shall instruct the jury that self-defense is an affirmative defense to inciting or engaging in a riot.

Because we reverse his convictions, we need not address defendant's other contentions. The court may consider whether the evidence at the new trial supports giving additional instructions.

The judgment is reversed and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge RICHMAN and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and