**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Thomas TAYLOR, Defendant–Appellant.**

No. 08CA1435.

Colorado Court of Appeals, Div. IV.

Nov. 12, 2009.

Rehearing Denied Jan. 14, 2010.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Dean Neuwirth P.C., Dean Neuwirth, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

Defendant, Thomas Taylor, appeals the judgment of conviction for illegal discharge of a firearm, a class five felony, entered on jury verdicts finding him guilty of that offense and third degree assault, a misdemeanor. We conclude that the trial court erred in rejecting a self-defense instruction on the illegal discharge of a firearm charge. Therefore, we reverse his conviction for illegal discharge of a firearm and remand for a new trial on that charge.

## I. Background

Defendant and his then girlfriend, E.T., were ending their relationship. While at E.T.'s apartment, they got into an argument and a fight ensued. At one point, defendant shoved E.T. against the wall. Defendant then left the apartment and went to a nightclub with a friend. He testified that he received a voice mail from his roommate informing him that people had come to his apartment looking for him and that one of the people had a gun with him.

According to E.T., she went to visit her friends R.M. and J.C. at their apartment. Defendant called her and ordered her to come to his apartment to retrieve her possessions. E.T. went to defendant's apartment, accompanied by R.M. and J.C., but they left because he was not home. When the three went back to the apartment later that night, defendant allegedly entered from outside the building holding a gun. R.M. wrestled with defendant for control of the gun, which fired and wounded her. J.C. then wrestled with defendant for the gun and was also shot.

## II. Trial

Defendant was tried on charges of attempted first degree murder, attempted second degree murder, two counts of first degree assault, two counts of menacing, and third degree assault.

At the jury instruction conference, defense counsel asked for an instruction on the lesser nonincluded offense of illegal discharge of a firearm, see § 18–12–107.5, C.R.S.2009, which would include the affirmative defense of self-defense. When the prosecution objected, defense counsel responded that the evidence would support a jury finding that the prosecution "did not meet [its] burden to show the mental state[ ] that [defendant] intended to fire that weapon into a person," but "[h]e fired that weapon, it was in a building and that was therefore illegal conduct." Analogizing to menacing charges, counsel argued that self-defense should apply because illegal discharge of a firearm requires a mental state of "knowingly," and self-defense is an affirmative defense to general intent crimes. The court concluded that self-defense was inapplicable.

At trial, defendant testified and extensively argued that he had acted in self-defense. The jury acquitted him of all charges on which it had been instructed regarding self-defense, but convicted him of the two charges on which the elemental instructions did not include self-defense.

### III. "Knowing" Illegal Discharge of a Firearm

Defendant contends the trial court reversibly erred when it denied his request to have the jury instructed that self-defense is an affirmative defense to illegal discharge of a

firearm. We agree in part and conclude that a new trial is required on this charge.

■ The trial court has the duty to instruct the jury properly on all matters of law. *People v. Garcia,* 28 P.3d 340, 343 (Colo. 2001). If a defendant is entitled to have the jury instructed on self-defense as an affirmative defense under section 18–1–704(1), C.R.S.2009, the prosecution must disprove the affirmative defense beyond a reasonable doubt. *See People v. Mullins,* 209 P.3d 1147, 1150 (Colo.App.2008).

■ Instructional error is generally subject to constitutional harmless or plain error analysis, depending on whether the defendant preserved the issue at trial. *Griego v. People,* 19 P.3d 1, 8 (Colo.2001). However, when the trial court errs in disallowing an affirmative defense, the prosecution's burden of proof is improperly lowered, and the error cannot be deemed harmless. *People v. Garcia,* 113 P.3d 775, 784 (Colo.2005); *see also Idrogo v. People,* 818 P.2d 752, 756 (Colo. 1991) (a trial court's failure to properly instruct a jury on the applicable law of self-defense deprives the defendant of the right to an acquittal on that basis).

■ Contrary to the People's argument, defendant preserved the issue for appeal by asking that the jury be instructed on the affirmative defense. While counsel expressed some doubt as to the applicability of self-defense in this context, she did not withdraw the argument and the court ruled on it. *See People v. Stewart,* 55 P.3d 107, 119 (Colo. 2002) (review limited to plain error where an error or omission in jury instructions is due to inadvertence or attorney incompetence); *People v. Garcia,* 981 P.2d 214, 217 (Colo. App.1998) (a defendant's instructional error claim will only be reviewed for plain error if defense counsel fails to object to a given instruction or fails to request an instruction at trial).

■ A person commits illegal discharge of a firearm if the person "knowingly or recklessly discharges a firearm into any dwelling or any other building or occupied structure, or into any motor vehicle occupied by any person." § 18–12–107.5(1), C.R.S. 2009. Illegal discharge of a firearm is a general intent offense to the extent it involves a defendant who acts "knowingly." *See* § 18–1–501(6), C.R.S.2009. Self-defense is an affirmative defense to a general intent crime. *See Mullins,* 209 P.3d at 1149.

> [T]he essence of an affirmative defense is the admission of the conduct giving rise to the charged offense. Having acknowledged presence at and participation in the event, the participant in effect justifies the conduct on grounds deemed by law to be sufficient to render the participant exempt from criminal responsibility for the consequences of the conduct.

*People v. Huckleberry,* 768 P.2d 1235, 1239 (Colo.1989). Thus, a defendant who raises an affirmative defense to a general intent crime does not attempt to negate an element of the offense, but rather seeks to justify, excuse, or mitigate it. *See Mullins,* 209 P.3d at 1149.

Here, by asking for the lesser nonincluded offense, defendant admitted that he knowingly or recklessly discharged a firearm into an occupied structure. However, he argued that because he acted in self-defense by using reasonable force against the people who were attacking him, he was entitled to have the jury instructed on the affirmative defense of self-defense to the extent he *knowingly* discharged the firearm. We agree for the reasons stated in *State v. Henley,* 138 Ohio App.3d 209, 740 N.E.2d 1113, 1116 (2000):

> To hold that an individual cannot act in self-defense for fear of incurring a charge of criminal damaging or another related charge when the action behind the charge is so intertwined with the attack necessitating self-defense would be to produce an inane legal paradox; it would be illogical, for example, to hold that an individual may be innocent of assault or an even more significant charge due to self-defense, but nonetheless guilty of criminal damaging because property was necessarily damaged in the course of doing that which the law allows.

Here, the jury could have concluded that defendant knowingly discharged his firearm in order to defend himself by scaring off his attackers. To hold that a defendant cannot

claim self-defense to an illegal discharge of a firearm charge would have the result warned against in *Henley:* a person would be criminally liable for firing a warning shot in self-defense, but could be acquitted of shooting a person in self-defense during the same episode.

The acquittal verdicts on all charges where the self-defense instruction had been given strongly suggest that the jury concluded the prosecution had failed to prove defendant did not act in self-defense. Each of those charges contained the element "without the affirmative defense of self-defense as defined in *instruction number 27.*"

Conversely, the illegal discharge of a firearm instruction did not contain the element "without the affirmative defense of self-defense" or a cross-reference to instruction 27. Therefore, notwithstanding the language in instruction 27 providing that self-defense "is an affirmative defense to *all the crimes charged,*" we consider it unlikely that the jury applied the defense to illegal discharge of a firearm because the elemental instruction lacked a specific cross-reference to instruction 27. *See Mullins,* 209 P.3d at 1151 (where jury acquitted defendant of the offenses for which it was properly instructed on the burden of proof with respect to self-defense, it was reasonably probable that the court's erroneous instruction contributed to the defendant's convictions).

■ We are unpersuaded by the People's assertion that self-defense does not apply because illegal discharge of a firearm is a crime against property, not persons. The statute refers to a dwelling, a building or other occupied structure, or an occupied motor vehicle. Thus, it is intended to protect people who may be inside. *See People v. Simpson,* 93 P.3d 551, 556 (Colo.App.2003) (section 18–12–107.5 was intended to punish random drive-by and walk-by gunfire directed at *occupied* structures or vehicles).

Accordingly, we conclude that failing to instruct on self-defense was error, the error was not harmless, and defendant's conviction of illegal discharge of a firearm must be reversed and the case remanded for a new trial on this charge.

## IV. "Reckless" Illegal Discharge of a Firearm

The mental state for illegal discharge of a firearm is either knowingly or recklessly. § 18–12–107.5(1). Therefore, we now consider how the jury should be instructed on retrial because it could determine that defendant acted "recklessly" in discharging his firearm.

"A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(8), C.R.S. 2009. In the context of illegal discharge of a firearm, a person acts recklessly by consciously disregarding the risk that a person inside a dwelling, a building or occupied structure, or a motor vehicle may be injured by the firing of shots.

■ Under section 18–1–704(4), C.R.S. 2009, a person who acts recklessly is not entitled to the affirmative defense of self-defense. *See Mullins,* 209 P.3d at 1149 (a defendant charged with a crime involving the mental state of recklessness may present evidence of self-defense, but it is not an affirmative defense). Instead, section 18–1–704(4) provides:

In a case in which the defendant is not entitled to a jury instruction regarding self-defense as an affirmative defense, the court shall allow the defendant to present evidence, when relevant, that he or she was acting in self-defense. If the defendant presents evidence of self-defense, the court shall instruct the jury with a self-defense law instruction. The court shall instruct the jury that it may consider the evidence of self-defense in determining whether the defendant acted recklessly, with extreme indifference, or in a criminally negligent manner. However, the self-defense law instruction shall not be an affirmative defense instruction and the prosecuting attorney shall not have the burden of disproving self-defense. This section shall not apply to strict liability crimes.

■ Thus, the trial court should include a separate instruction that informs the jury

that the prosecution must prove beyond a reasonable doubt that defendant acted recklessly, but it may consider any evidence that defendant acted in self-defense in determining whether he acted recklessly.

However, the court should omit any language to the effect that "the prosecuting attorney shall not have the burden of disproving self-defense." *See* § 18–1–704(4). In the context of an extreme indifference murder jury instruction, a division of this court concluded that this language injected constitutional error into the instruction because it improperly lessened the prosecution's burden of proof. *See People v. Lara,* 224 P.3d 388, —— (Colo.App. 2009). Because the prosecution was required to prove that the defendant acted with universal malice, it would necessarily have to disprove that the defendant acted in self-defense or defense of others. *Id.* at ——. Thus, by instructing the · jury that the prosecution did not have to disprove self-defense, the burden was shifted to the defendant to prove self-defense or defense of others.

Here, an instruction that the prosecution need not disprove self-defense would risk shifting the burden to defendant to prove that he did not act recklessly and would also risk confusing the jurors as to the use of the evidence as it pertains to defendant's mental state.

 To avoid confusion on these issues, we suggest that the trial court give separate instructions for the offense of illegal discharge of a firearm. One instruction would set forth the elements of the offense when a defendant acts knowingly, and the other, the elements when a defendant acts recklessly. Because the use of evidence of self-defense is different for each mental state, the jury should be instructed that, if it determines defendant acted knowingly, the prosecution must disprove the affirmative defense of self-defense. The jury should also be instructed that, "in determining whether the defendant acted recklessly, it must consider whether the defendant reasonably believed it necessary for him to defend himself ... from the victim's use or imminent use of unlawful physical force." *People v. Bachofer,* 192 P.3d

454, 463 (Colo.App.2008) (citing *People v. Roberts,* 983 P.2d 11, 14 (Colo.App.1998)).

The judgment of conviction for illegal discharge of a firearm is reversed, and the case is remanded for a new trial in accordance with this opinion.

Judge WEBB and Judge BERNARD concur.